### S99A1362. MOBLEY v. THE STATE.
(523 SE2d 9)

BENHAM, Chief Justice.

In *Mobley v. State,* 269 Ga. 738 (505 SE2d 722) (1998), we affirmed the conviction of appellant Tommye Mobley for murder and possession of a firearm during the commission of a crime and remanded for a hearing on defendant's claims that he received ineffective assistance of trial counsel. Mobley alleged that his counsel was ineffective because he introduced evidence of Mobley's character, which allowed the prosecution to introduce evidence that Mobley used marijuana and had broken curfew in Washington, D.C. Trial counsel stated during the trial that he did not want to introduce Mobley's character at trial, but subsequently did so during direct examination of Mobley's mother and by calling three character witnesses on his behalf.

On remand, trial counsel stated that he had reviewed Mobley's confession with him prior to trial and was aware of his curfew violation and marijuana use. He also stated he was aware that the prosecution could question Mobley's character witnesses on these issues as a result of calling the witnesses and that he discussed this with Mobley. Though trial counsel stated that he could not remember the context in which he introduced Mobley's character, the judge stated that he recalled nothing irregular with regard to counsel introducing character witnesses and that calling the witnesses was not a "dumb mistake." On January 5, 1999, the trial court denied Mobley's claim that his counsel was ineffective, resulting in this appeal. We agree that appellant has not met his burden of establishing that trial counsel's performance was ineffective and affirm the ruling of the trial court.

In order to prevail on his claim of ineffective assistance of counsel, Mobley must show that counsel's performance was deficient and that the deficient performance prejudiced him such that a reasonable probability exists that, but for counsel's errors, the outcome of the trial would have been different. *Strickland v. Washington,* 466 U. S.

668 (104 SC 2052, 80 LE2d 674) (1984); *Smith v. Francis*, 253 Ga. 782 (1) (325 SE2d 362) (1985). There is a strong presumption that counsel's conduct falls within the broad range of professional conduct. *Roberts v. State*, 263 Ga. 807 (2) (439 SE2d 911) (1994).

We agree with the trial court that trial counsel's decision to call character witnesses was part of a sound trial strategy, selected after a reasonable investigation. *Turpin v. Lipham*, 270 Ga. 208 (3) (510 SE2d 32) (1998). On appeal, Mobley puts much emphasis on trial counsel's statement that he did not want to introduce character evidence in attempting to show that counsel's performance was deficient. However, it appears from the record that trial counsel made that statement in reference to one particular witness and not as a statement of his intention to refrain from introducing character evidence during the entire trial. Even if trial counsel's decision to call character witnesses could be considered deficient, it is unlikely that the outcome of the trial would have been different given the overwhelming evidence of Mobley's guilt. *Earnest v. State*, 262 Ga. 494 (5) (422 SE2d 188) (1992). Thus, we conclude that the trial court did not err when it found that trial counsel was not ineffective.

*Judgment affirmed. All the Justices concur.*

DECIDED OCTOBER 18, 1999.

*Timothy L. Barton*, for appellant.

*Stephen D. Kelley, District Attorney, Margaret L. Knight, Assistant District Attorney, Thurbert E. Baker, Attorney General, Paula K. Smith, Senior Assistant Attorney General, Jeanne K. Strickland, Assistant Attorney General*, for appellee.