## S00A2085. POTTER v. THE STATE.
### (540 SE2d·184)

BENHAM, Chief Justice.

In *Potter v. State*, 272 Ga. 430 (530 SE2d 275) (2000), we affirmed appellant Al Maynard Potter's convictions for felony murder and possession of a firearm by a convicted felon, and remanded the case to the trial court for consideration of the issue of ineffective assistance of trial counsel.[1] The trial court held an evidentiary hearing on the remanded issue and entered an order denying appellant's motion for new trial based on ineffective assistance of counsel. This appeal is from that order.

In order to prevail on a claim of ineffective assistance of counsel, a criminal defendant must show that counsel's performance was deficient and that the deficient performance so prejudiced the client that there is a reasonable likelihood that, but for counsel's errors, the out-

---

[1] The issue had been raised by appellate counsel who entered the case after the trial court had denied the motion for new trial filed by trial counsel. See *Mobley v. State*, 269 Ga. 738 (505 SE2d 722) (1998).

come of the trial would have been different. *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984); *Smith v. Francis*, 253 Ga. 782 (1) (325 SE2d 362) (1985). The criminal defendant must overcome the strong presumption that trial counsel's conduct falls within the broad range of reasonable professional conduct. *Mobley v. State*, 271 Ga. 577 (523 SE2d 9) (1999). The trial court's determination with respect to effective assistance of counsel will be affirmed unless the trial court's findings are clearly erroneous. *Johnson v. State*, 266 Ga. 380, 383 (467 SE2d 542) (1996).

Appellant alleges ineffective assistance of counsel occurred when the attorney his family retained to defend him assigned the case to a less-experienced attorney in his office. Trial counsel testified at the hearing on the claim of ineffective assistance that he and the retained lawyer met with appellant and his family after the preliminary hearing and explained that the health of the retained lawyer would not permit him to conduct the trial, but that he would be involved in the case and available for consultation. As an attorney's lack of experience alone does not constitute grounds for a claim of ineffective assistance of counsel (*Stephens v. State*, 265 Ga. 120 (2) (453 SE2d 443) (1995)), we examine the specific instances of purported error appellant contends his trial counsel committed.

Appellant first asserts that evidence of a relevant specific act of violence by the victim against a third party was not admitted at trial because trial counsel failed to give the notice required by Uniform Superior Court Rule 31.6. The trial transcript reflects that the trial court expressed a willingness to shorten the ten-day notification period provided by USCR 31.6 and admit evidence of such an incident if defense counsel could give the necessary information to the State. Trial counsel was unable to do so because he did not have all the details and was still investigating the information he had received about the prior incident. At the hearing on appellant's claim of ineffective assistance, trial counsel testified that he was unable to find a witness who could tie the victim to the prior act of violence. It thus appears that evidence of the victim's purported prior act of violence against a third party was not introduced at trial because no credible evidence was found to exist, and not because trial counsel's performance was deficient. Accordingly, the trial court did not err when it concluded that appellant failed to establish ineffective assistance of counsel. *Strickland v. Washington*, supra; *Smith v. Francis*, supra.

Appellant next finds fault with trial counsel's failure to seek a continuance when the trial court permitted the State to reopen the evidence to introduce newly-discovered evidence, photos of appellant holding a gun, to rebut appellant's testimony that he had not held a

real gun in the last four or five years.[2] The photos had been given to the assistant district attorney by members of the victim's family during the luncheon recess that followed appellant's testimony. Appellant returned to the witness stand after the rebuttal evidence was admitted and testified that the gun he was holding in the photos belonged to the other man in the photos. At the hearing on appellant's claim of ineffective assistance, appellant testified he thought a continuance was necessary in order to produce as surrebuttal evidence the man who appeared in the photos with appellant, who would testify that the gun belonged to him and not appellant. Trial counsel testified he was unaware of the existence and whereabouts of any such witness. Even assuming for the sake of argument that trial counsel's failure to request a continuance constituted deficient performance, there was no prejudice to appellant since appellant testified to the same fact that the missing witness would have, and that fact did not rebut the rebuttal evidence that impeached appellant's testimony that he had not held a gun for four or five years. See *Trammel v. State*, 265 Ga. 156 (1) (454 SE2d 501) (1995).

Appellant next contends that trial counsel was ineffective because he did not spend sufficient time preparing the case or reviewing evidence with appellant. Trial counsel's testimony belies that assertion and supports the trial court's determination that counsel did not render ineffective assistance. Trial counsel testified that he visited the imprisoned defendant a number of times and was in telephonic communication with him. While he was unable to show appellant audio- and videotaped evidence due to his inability to bring the necessary machinery to the jail, trial counsel stated he and appellant's family members watched and listened to the tapes and then verbally reviewed them with appellant. Counsel testified that he and appellant discussed the expected testimony of persons on the State's witness list and reviewed the statements witnesses had made against appellant. In addition, the trial transcript reveals that trial counsel capably cross-examined the witnesses called by the State and presented the testimony of six witnesses in support of appellant's claim that he was justified in shooting the victim.

Finally, appellant contends trial counsel did not properly advise him of his right not to testify at trial. Appellant admitted that trial counsel had talked with him about testifying, but maintained counsel did not prepare him for the "trickery" of cross-examination. "[W]hether or not to testify in one's own defense is considered a tactical decision to be made by the defendant himself after consultation

---

[2] In appellant's initial appeal from his convictions, we ruled that the trial court did not abuse its discretion in reopening the evidence and permitting the State to introduce the photos as rebuttal evidence. *Potter v. State*, supra, 272 Ga. 430 (2).

with his trial counsel. . . ." *Burton v. State*, 263 Ga. 725 (6) (438 SE2d 83) (1994). Trial counsel testified that he informed appellant that it was up to appellant to decide whether to testify. As there is evidence to support the trial court's determination that appellant's allegation of ineffective assistance is without merit, we affirm.

*Judgment affirmed. All the Justices concur.*

DECIDED JANUARY 8, 2001.

*Orin L. Alexis,* for appellant.

*Spencer Lawton, Jr., District Attorney, Jon Hope, Assistant District Attorney, Thurbert E. Baker, Attorney General, Paula K. Smith, Senior Assistant Attorney General, Adam M. Hames, Assistant Attorney General,* for appellee.