A02A1517. MORRIS v. THE STATE.
(570 SE2d 619)

JOHNSON, Presiding Judge.

A jury found James Morris guilty of armed robbery, aggravated assault, kidnapping, and possession of a firearm during the commission of a crime. He appeals, alleging (1) the trial court erred by granting the state's motion to remove a juror accepted by Morris and seating a juror struck by Morris, and (2) he was denied effective assistance of counsel. Because there was no reversible error at trial, we affirm the convictions.

Viewed in a light most favorable to support the jury's verdict, the evidence shows that around 1:00 a.m., two men entered a closed restaurant when the bartender took some mats out the back door. They forced the bartender back into the restaurant at gunpoint. They then forced seven people present in the restaurant to gather in the office where the safe was located. They did this at gunpoint. The two men robbed the safe, taking a bag with the receipts of the evening, and took a cell phone and money from one of the victims. They then forced the occupants into a bathroom.

The bartender positively identified Morris from a photo lineup, and the bartender and one of the other victims identified Morris at trial as one of the men they saw holding a gun and committing the

---

crimes. The record further reveals that a search of Morris' residence, which he shared with Jason Williams, his half-brother and co-defendant, revealed two weapons which matched the descriptions of the weapons used in the robbery.

At trial, Williams testified that Morris helped him during the robbery. According to Williams, Morris' brother worked at the restaurant and suggested the robbery. Morris' brother denied any involvement in the robbery and testified that Williams committed the robbery on his own. In response, the state offered a previous statement given by Morris' brother in which he admitted that he, Williams and a person he refused to identify had planned the robbery. Morris presented an alibi defense through the testimony of his girlfriend.

1. In his first enumeration of error, Morris contends the trial court erred in removing a juror accepted by Morris and seating a juror struck by Morris. We find no error.

The venire from which the jury was struck comprised 15 white jurors and 12 African-American jurors. Morris, who is African-American, used seven of the nine strikes he exercised against white jurors. The state challenged four of Morris' strikes.

(a) Morris now complains that the trial court improperly shifted the burden from the state to Morris by not requiring the state to make a prima facie case of racial discrimination. However, the Supreme Court has not found error where the trial court assumes the existence of a prima facie case and requires the defendant to produce reasons not based on race for the strikes, making the preliminary showing of a prima facie case moot.[1] Moreover, it is clear from the transcript that after the state challenged Morris' use of peremptory strikes, Morris proffered his purportedly race-neutral reasons for the strikes. Under Georgia law, once the party exercising the peremptory challenges has offered a race-neutral explanation for the peremptory challenges and the trial court has ruled on the ultimate issue of intentional discrimination, the preliminary question of whether the challenging party has made a prima facie showing becomes moot.[2]

(b) Morris next claims the trial court committed reversible error when it found that juror Meeks was struck upon the basis of racial considerations. We first note that the trial court's finding of purposeful discrimination is a finding of fact which must be given great deference by the appellate court, since it will largely turn on an evaluation of credibility and since the trial court can hear and see the

---

[1] See *Walker v. State*, 271 Ga. 328, 330 (3) (519 SE2d 670) (1999); *Barnes v. State*, 269 Ga. 345, 349 (6) (496 SE2d 674) (1998).
[2] *Leeks v. State*, 226 Ga. App. 227, 228 (3) (483 SE2d 691) (1997); *Ellerbee v. State*, 215 Ga. App. 312, 315 (6) (450 SE2d 443) (1994), overruled in part on other grounds, *Felix v. State*, 271 Ga. 534, 540 (523 SE2d 1) (1999).

demeanor of both prospective jurors and counsel.[3] Thus, we may only reverse the trial court's determination that Morris' peremptory challenge was motivated by intentional discrimination if that determination is clearly erroneous.[4]

Here, the trial court found that three of the challenged jurors struck by Morris were, in fact, struck for race-neutral reasons. However, with respect to juror Meeks, the trial court found that Morris failed to provide a race-neutral reason for striking this juror. Morris first stated that juror Meeks was struck because he worked in a technical school, and such persons tended to be conservative. Morris then stated that juror Meeks "really didn't participate" in voir dire and that he supervised employees. In addition to considerations of demeanor, credibility and the disproportionate striking of white jurors, the trial court found that Morris' excuses for striking juror Meeks were whimsical, fanciful and unrelated to the case to be tried. The trial court then removed the last seated juror, a white male, and replaced him with juror Meeks, also a white male.

In the present case, the trial court was authorized to disbelieve the facially race-neutral reasons for striking juror Meeks, or to conclude that the stated grounds were not neutrally applied. For example, the explanation of striking an employee of a technical school because such persons tend to be conservative can be considered whimsical or fanciful.[5] Morris based his reasons for striking juror Meeks on Meeks' nature, not his employment. In fact, Morris did not even remember juror Meeks' specific employment. When the trial court expressed concern over Morris' strike of juror Meeks, Morris changed his response. The trial court was authorized to conclude that Morris' alternate reasons for striking juror Meeks — because he "really didn't participate" in voir dire and because he sounded as if he was in a position that supervised a lot of people — lacked merit. This is especially true given Morris' admission that he did not pursue any issues regarding juror Meeks. According to Morris, "I think if I pursue it farther, it probably would have been helpful at this time; however, in the interest of time, I didn't pursue it farther."

While Morris lists a number of reasons for striking juror Meeks in his appellate brief, these reasons, and a more thorough analysis of the reasons given to the trial court, were not supplied at the time the trial court ruled on the issue. It is clear from the trial transcript that Morris did not have a specific reason for striking juror Meeks and that Morris was waffling in his explanations to the trial court. Considering the fact that the trial court accepted Morris' reasons for

---

[3] See *Ellerbee*, supra at 316 (7) (a).

[4] Id.

[5] See generally *McKibbons v. State*, 216 Ga. App. 389, 390 (1) (455 SE2d 293) (1995).

striking three of the four challenged jurors, combined with the lack of merit and specificity in the reasons proffered for striking juror Meeks, we find no clear error in the trial court's determination to seat juror Meeks.[6] "As with the state of mind of a juror, evaluation of the challenger's state of mind based on demeanor and credibility lies peculiarly within a trial judge's province."[7]

2. Morris contends he was denied effective assistance of counsel because his trial attorney (1) failed to object to and specifically preserve the issue of reseating juror Meeks, and (2) failed to subpoena an alibi witness. In order to prevail on his claim of ineffective assistance of counsel, Morris must show that counsel's performance was deficient and that the deficient performance prejudiced him such that a reasonable probability exists that, but for counsel's errors, the outcome of the trial would have been different.[8] There is a strong presumption that counsel's conduct falls within the broad range of professional conduct.[9]

As discussed in Division 1, Morris' trial counsel did object to the reseating of juror Meeks and, in fact, effectively argued against the reseating of three other jurors challenged by the state. Moreover, the trial court properly reseated juror Meeks after conducting the appropriate analysis. Thus, Morris has failed to show that a new trial would have been granted based on either his trial counsel's failure to object or his trial counsel's failure to preserve the issue of reseating juror Meeks.[10]

As for Morris' argument that his trial counsel was ineffective because he failed to subpoena an alibi witness, the record shows that trial counsel did, in fact, attempt service at the address provided by Morris and that the witness' whereabouts could not be determined. Trial counsel cannot be held ineffective for failing to track down a witness whose whereabouts are unknown.[11] In addition, Morris never proffered evidence at his motion for new trial showing what this alibi witness would have actually testified to had he been subpoenaed. Having failed to present more than his bare assertion that the witness could have supported his alibi defense, Morris cannot show his counsel was ineffective in failing to call him.[12]

---

[6] See *McKibbons*, supra; *Ellerbee*, supra at 316-317 (7) (b).

[7] (Citation and punctuation omitted.) *Taylor v. State*, 219 Ga. App. 475, 477 (2) (465 SE2d 473) (1995).

[8] *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984); *Mobley v. State*, 271 Ga. 577 (523 SE2d 9) (1999).

[9] *Mobley*, supra at 578.

[10] See *Smith v. State*, 231 Ga. App. 677, 684 (6) (499 SE2d 663) (1998).

[11] See *Jones v. State*, 217 Ga. App. 722, 724 (2) (458 SE2d 894) (1995).

[12] *Gadson v. State*, 252 Ga. App. 347, 352 (11) (b) (556 SE2d 449) (2001).

Moreover, in light of the overwhelming evidence of Morris' guilt, including his identification by two of the victims as the person who robbed the restaurant and the testimony of his accomplice, even if trial counsel's failure to subpoena the witness was deficient, Morris has failed to make the requisite showing of prejudice.[13] Trial counsel presented an alibi witness at trial. However, the jury rejected Morris' alibi defense, and Morris has not shown how the testimony of the witness, alleged to have pertinence to his alibi defense, would have altered the outcome of the trial. The trial court did not err in finding that trial counsel rendered effective assistance of counsel.

*Judgment affirmed. Blackburn, C. J., and Miller, J., concur.*

DECIDED AUGUST 23, 2002 — 

*Cole & Fleming, Thomas L. Cole,* for appellant.
*Spencer Lawton, Jr., District Attorney, Michael K. Dennard, Assistant District Attorney,* for appellee.

---

[13] See *Bellamy v. State*, 272 Ga. 157, 162 (11) (527 SE2d 867) (2000).