S03A1002. ROBINSON v. THE STATE.
(586 SE2d 313)

HINES, Justice.

Rico Robinson was convicted of the malice murder of Quentin Domineck, possession of a firearm during the commission of a felony, and possession of a firearm by a convicted felon. This Court affirmed Robinson's convictions in *Robinson v. State*, 275 Ga. 143 (561 SE2d 823) (2002), but remanded the case to the trial court for an evidentiary hearing on Robinson's claim of ineffective assistance of his trial counsel. Id. at 145 (4). After an evidentiary hearing, the trial court rejected the claim of ineffectiveness and denied Robinson a new trial. For the reasons which follow, we affirm.

Robinson has the burden of demonstrating that his trial attorney was ineffective in representing him.

In order to prevail on a claim of ineffective assistance of counsel, a criminal defendant must show that counsel's performance was deficient and that the deficient performance so prejudiced the client that there is a reasonable likelihood

that, but for counsel's errors, the outcome of the trial would have been different. *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984); *Smith v. Francis*, 253 Ga. 782 (1) (325 SE2d 362) (1985). The criminal defendant must overcome the strong presumption that trial counsel's conduct falls within the broad range of reasonable professional conduct. *Mobley v. State*, 271 Ga. 577 (523 SE2d 9) (1999).

*Potter v. State*, 273 Ga. 325 (540 SE2d 184) (2001). "[W]e accept the trial court's factual findings and credibility determinations unless clearly erroneous, but we independently apply the legal principles to the facts." *Suggs v. State*, 272 Ga. 85, 88 (4) (526 SE2d 347) (2000). In denying Robinson relief, the trial court stated that there was no showing that the verdict would have differed if trial counsel had proceeded differently, that trial counsel was effective in her defense of Robinson, and that some of trial counsel's actions were strategic in nature.

1. Robinson first contends that his trial counsel was ineffective because she failed to object to the exclusion of evidence of prior violent acts by the victim against him on the basis that it violated Robinson's right under the Federal Constitution to present a defense. But such an objection would have been of no moment.

Citing several federal cases,[1] Robinson argues that the excluded evidence was crucial to his sole defense of self-defense and that the exclusion of "crucial relevant evidence" violated his federal constitutional right to present a defense. The flaw in this argument is that the evidence at issue was not shown to be relevant. As this Court stated in its earlier opinion,

"[A] defendant's right to introduce evidence of prior acts by the victim against [him] is still contingent upon the defendant making out a prima facie case of justification." [Cit.] "To make this prima facie showing, the defendant must show that the victim was the aggressor, that the victim assaulted the defendant, and that the defendant was honestly seeking to defend himself. [Cit.]" [Cit.]

*Robinson v. State*, supra at 144 (3). This Robinson failed to do. Id. Consequently, inasmuch as the evidence of the circumstances of the fatal shooting failed to portray a situation of self-defense, the alleged

---

[1] *Rock v. Arkansas*, 483 U. S. 44 (107 SC 2704, 97 LE2d 37) (1987); *United States v. Veltmann*, 6 F3d 1483 (11th Cir. 1993); *United States v. Ethridge*, 948 F2d 1215 (11th Cir. 1991).

evidence of prior violent acts by the victim was irrelevant.

2. Robinson also contends that his counsel was ineffective because she failed to seek funds to retain an expert in forensic pathology to attempt to refute the medical examiner's testimony that the seven bullet holes in the victim's back were entrance wounds, thereby allowing his claim of self-defense to be defeated. However, this contention is unavailing.

Robinson's trial counsel testified that she had a two-hour meeting with the medical examiner at which she was shown photographs of the victim, the victim's clothing, and other items received by the medical examiner; the medical examiner discussed the reasoning leading to his determinations about how the victim's wounds occurred. Counsel left the meeting well aware that the medical examiner's testimony needed to be disputed; however, because of her earlier difficulty in obtaining funds for an investigator, she elected to approach Robinson's family about retaining an expert. Regardless of the funding source, counsel was unable to locate an expert by the time the case was called for trial.

Assuming arguendo that counsel's strategy for securing an expert is subject to criticism, Robinson still cannot prevail on his claim that counsel was ineffective; he cannot show a reasonable likelihood that, but for the failure to retain an independent expert, the outcome of his trial would have been more favorable. *Potter v. State*, supra. There was additional compelling evidence that Robinson did not act in self-defense, including the fact that there were more bullet wounds found in the victim's back than in his chest, demonstrating that at least some of the gunshots had to have been fired into the victim's back. What is more, there was eyewitness testimony that Robinson repeatedly shot the victim in the back. *Robinson v. State*, supra at 143 (1).

3. Lastly, there is no merit to Robinson's assertion that the trial court erred in refusing to grant his post-conviction ex parte motion for funds to retain a forensic pathologist to demonstrate trial counsel's ineffectiveness for failing to retain such an expert. The grant or denial of a post-conviction motion for the assistance of an expert witness lies within the sound discretion of the trial court, and some special need for the witness must be demonstrated to the trial court. *Totten v. State*, 276 Ga. 199, 200 (2) (577 SE2d 272) (2003). As has already been discussed, the failure of trial counsel to retain the independent expert, could not result in a finding of trial counsel's ineffective representation of Robinson. See Division 2, supra. Consequently, Robinson could not demonstrate any special need for the post-conviction assistance, and the trial court did not abuse its discretion in denying it. *Totten v. State*, supra at 200 (2).

*Judgment affirmed. All the Justices concur.*

DECIDED SEPTEMBER 15, 2003.

*Steven E. Phillips*, for appellant.

*Paul L. Howard, Jr.,* District Attorney, *Bettieanne C. Hart,* Assistant District Attorney, *Thurbert E. Baker,* Attorney General, *Madonna M. Heinemeyer,* Assistant Attorney General, for appellee.