S04A0703. MOORE v. THE STATE.
(603 SE2d 228)

BENHAM, Justice.

Allen Christopher Moore appeals his convictions for murder and possession of a firearm during commission of a felony.[1] The evidence

---

punitive in intent or effect. See *Weaver v. Graham*, supra.

[1] The crimes occurred on June 7, 2001, and Moore was indicted on July 27, 2001, for malice murder, felony murder, aggravated assault, and possession of a firearm during commission of a felony. Following a jury verdict of guilty on all counts reached on February 8, 2002, Moore was sentenced to life imprisonment for murder and a consecutive term of five years for possession of a firearm during commission of a crime. The other charges merged into the murder conviction. Moore's motion for new trial, filed February 22, 2002, and amended April 25, July 9, and August 20, 2003, was denied on September 17, 2003. Pursuant to a notice of appeal filed

at trial established that immediately prior to his death, Eric Kemp was speaking on the telephone with his girlfriend and told her he had to hang up because "Little Al," which was Moore's nickname, was at the door. Minutes later, Kemp was shot to death in his home in front of his nine-year-old daughter. She described the killer as a short, dark-skinned male with braids in his hair and a scar on his forehead, with "dirty, vampire teeth," wearing a blue shirt and cap and jeans. Police officers found shell casings from two weapons and a scrap of paper with Moore's name on it at the scene of the shooting. One neighbor saw a short man wearing a sweatshirt run from Kemp's house and get into the backseat of a green Toyota Camry which was then driven away, while another neighbor saw two men run and get into the Camry. One of two women who had accompanied Moore's cousin from Pittsburgh, Pennsylvania to Atlanta testified Moore and his cousin entered into a drug deal with Kemp and were cheated; Moore had a handgun and his cousin obtained a handgun; and on the evening of the shooting, the two men left in a green Camry, wearing dark clothes. When Moore and his cousin returned, they and the two women left hurriedly for Pittsburgh, where the witness later saw Moore and his cousin washing bloody clothes. Moore's cousin told the witness they had killed Kemp and a little girl was in the house at the time of the killing. Moore's cellmate while he was incarcerated in Pittsburgh on an unrelated matter testified Moore told him that Moore's partner had gone to Kemp's home and shot him in front of his daughter because Kemp had robbed Moore and his partner of $20,000 in a drug deal. Testimony established Moore's cousin was driving his girlfriend's green Toyota Camry around the time of the shooting.

1. The evidence adduced at trial and summarized above was sufficient to authorize a rational trier of fact to find Moore guilty beyond a reasonable doubt of murder and possession of a firearm during commission of a felony. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. In six enumerations of error, Moore contends he received ineffective assistance of counsel from the attorney who represented him at trial.

> In order to prevail on a claim of ineffective assistance, appellant "must show that counsel's performance was deficient and that the deficient performance so prejudiced the client that there is a reasonable likelihood that, but for counsel's errors, the outcome of the trial would have been different.

September 23, 2003, the appeal was docketed in this Court on December 31, 2003, and was submitted for decision after oral argument on July 20, 2004.

[Cits.]" [Cit.] Appellant " 'must overcome the strong presumption that counsel's conduct falls within the broad range of reasonable professional conduct.' " [Cit.] In reviewing a lower court's determination of a claim of ineffective assistance of counsel, an appellate court gives deference to the lower court's factual findings, which are upheld unless clearly erroneous; the lower court's legal conclusions are reviewed de novo. [Cit.]

*Bales v. State*, 277 Ga. 713, 715 (2) (594 SE2d 644) (2004).

(a) Moore first argues trial counsel rendered ineffective representation by failing to object when the State elicited testimony highlighting Moore's pretrial silence. Specifically, he complains the State elicited testimony that Moore, although he was well acquainted with Kemp's family, failed to make a statement of condolence to the family, to assist in raising funds, or to attend Kemp's funeral, and that the police gave Moore an opportunity during interrogation to explain where he was on the occasion of the shooting and why he had not come forward when he knew the police were seeking him.

Contrary to Moore's argument, the questions relating to Moore's lack of interaction with Kemp's family after the shooting did not bear in any way on Moore's pre-arrest silence, but on the fact he left town immediately after the killing and was not present to interact with Kemp's family. A defendant's flight is a proper subject for questioning and for argument. *Renner v. State*, 260 Ga. 515 (3) (b) (397 SE2d 683) (1990).

The State argues the questions regarding Moore's pre-arrest silence were not improper because they were intended to elicit testimony explaining interrogation techniques used to question Moore. The State does not explain, however, and we do not perceive the relevance of the topic of interrogation methods to the issue of Moore's guilt or innocence. Moreover, given the holding in *Mallory v. State*, 261 Ga. 625 (5) (409 SE2d 839) (1991) (overruled on other grounds by *Chapel v. State*, 270 Ga. 151 (4) (510 SE2d 802) (1998), see *Clark v. State*, 271 Ga. 6 (5) (515 SE2d 155) (1999)), that evidence concerning pre-trial silence, including a failure to come forward, is more prejudicial than it is probative of any relevant fact, we agree the questioning was improper.

Assuming trial counsel's failure to object to the improper questioning by the prosecuting attorney constituted deficient performance, there remains for consideration whether the deficiency so prejudiced Moore that there is a reasonable likelihood that absent the deficiency, the outcome of the trial would have been different. *Bales v. State*, supra. Considering the State did not pursue the improper questioning and did not elicit testimony concerning Moore's response

to the interrogation, and the strength of the circumstantial evidence of Moore's guilt, we are not persuaded the timely interposition of an objection by trial counsel would have produced a different result at trial. Accordingly, we conclude Moore has not shown the prejudice necessary to establish ineffective assistance of counsel. Id.

(b) Moore asserts trial counsel was ineffective in failing to request a jury charge concerning the credibility of witnesses who testified in hope of leniency regarding pending criminal charges. However, since the two witnesses regarding whose credibility Moore asserts a charge would be appropriate testified without contradiction they were not testifying in hope of leniency, a charge on that subject would not have been authorized by the evidence (*Monsalve v. State*, 271 Ga. 523 (3) (519 SE2d 915) (1999)), and trial counsel cannot be faulted for not requesting a jury charge which was not authorized. *Callendar v. State*, 275 Ga. 115 (3) (e) (561 SE2d 113) (2002).

(c) As to three of Moore's assertions of ineffectiveness, trial counsel testified at the initial hearing on Moore's motion for new trial that there were strategic reasons for her actions. (1) A detective from Pittsburgh testified at trial that a woman who came to Atlanta to visit Moore's cousin and who returned to Pittsburgh with Moore and his cousin after the shooting told the detective someone had shot at her and there were rumors she would not live to testify in Atlanta. That woman herself testified to the same effect, adding she had not been threatened by anyone in Atlanta. Trial counsel testified on motion for new trial that her decision not to object to the testimony was strategic in that she wished to turn the attention of the jury to Moore's cousin as the shooter and wished to allow the testimony to give the impression it was Moore's cousin who threatened the witness. (2) During her testimony on motion for new trial, trial counsel was asked why she did not object to the prosecuting attorney's comments during closing argument that Moore had kept his mouth closed during trial so the jury could not see that his teeth matched the description by Kemp's daughter of the shooter's teeth, which she described as "dirty vampire teeth." Trial counsel responded she did not object because she did not want to call the jury's attention to Moore's teeth which, she said, were in fact as described. (3) With regard to her failure to request a jury charge on alibi, trial counsel testified she did not request a charge on alibi because the only evidence of alibi was a statement attributed to Moore which was not, in her opinion, sufficient to support an alibi defense, and which was contradicted by other things Moore told the police.

"As a general rule, matters of reasonable trial strategy and tactics do not amount to ineffective assistance of counsel. [Cit.] We

agree with the trial court's implicit determination that trial counsel's choice of trial strategy was not unreasonable." *Bales v. State*, supra at 715 (2).

(d) At a second hearing on Moore's amended motion for new trial, appellate counsel produced a witness who testified she saw Moore in Pittsburgh on the date of the shooting. Moore contends trial counsel was ineffective for failing to find that witness, but stipulated at the hearing that trial counsel would have testified, had she been present, that Moore had not been able to provide trial counsel with any specifics regarding where he was or who he was with while he was in Pittsburgh, and that trial counsel had been unable to locate anyone to support the alibi defense because the information given her was inadequate. "Trial counsel cannot be held ineffective for failing to track down a witness whose whereabouts are unknown. [Cit.]" *Morris v. State*, 257 Ga. App. 169, 172 (2) (570 SE2d 619) (2002). Here, not only was the witness's location unknown, but the witness's identity was unknown to trial counsel. Under those circumstances, we find no error in the trial court's rejection of this claim of ineffectiveness.

(e) Finally, Moore complains of trial counsel's failure to object to the prosecuting attorney's vouching for the truthfulness of prosecution witnesses. "The longstanding rule is that counsel may not state to the jury his or her personal belief about the veracity of a witness. [Cit.]" *Bolden v. State*, 272 Ga. 1, 2 (525 SE2d 690) (2000). Contrary to Moore's argument on appeal, none of the instances he specifies involved the prosecuting attorney stating a personal belief about the veracity of a witness. One instance involved a reference to the fact that some of the evidence the State presented undercut the credibility of its own witness and the other instances were either statements of the State's theory of the case or were statements of the conclusions the State wished the jury to draw from the evidence, which is permissible. *Fulton v. State*, 278 Ga. 58 (8) (597 SE2d 396) (2004). Since the prosecuting attorney's remarks were not objectionable, objection to those remarks would have lacked merit. "Failure to make a meritless objection cannot be evidence of ineffective assistance." *Hayes v. State*, 262 Ga. 881, 884 (3) (c) (426 SE2d 886) (1993).

*Judgment affirmed. All the Justices concur.*

DECIDED SEPTEMBER 27, 2004.

*Brian Steel*, for appellant.

*Paul L. Howard, Jr.*, District Attorney, *Bettieanne C. Hart, Peggy R. Katz*, Assistant District Attorneys, *Thurbert E. Baker*, Attorney

*General, Frank M. Gaither, Jr., Assistant Attorney General,* for appellee.