### A09A2051. HERNANDEZ v. THE STATE.
(692 SE2d 712)

BARNES, Judge.

Jose Gabino Hernandez appeals his convictions for kidnapping with bodily injury, kidnapping, false imprisonment, six counts of aggravated assault, two counts of aggravated sodomy, one count of sexual battery, and two counts of rape. He was sentenced to three life sentences followed by forty years of confinement.

Hernandez's only allegation of error is that his defense counsel was ineffective within the meaning of *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984), because he did not object to evidence that Hernandez was on probation at the time of the crime and did not prepare for sentencing before trial or request a continuance to prepare for sentencing after Hernandez was convicted. Considering the overwhelming evidence of his guilt, the seriousness of his crimes, his failure to proffer any witnesses who might have been called or the substance of their expected testimony, and the comments of the trial court, we find that Hernandez failed to show a reasonable probability of a different outcome of his case. Therefore, the judgment of the trial court is affirmed.

The principles applicable to appellate review of a criminal conviction are stated in *Taylor v. State*, 226 Ga. App. 254, 255 (485 SE2d 830) (1997). Viewed in the light most favorable to the verdict, the evidence shows that Hernandez, who was on probation for driving under the influence, met the victim at a social services agency. The victim was a case manager at the agency where people on probation frequently performed community service. Hernandez, who had performed community service at the office before, came to the victim and told her that he needed to perform community service at the agency because it was raining.

At some point, Hernandez grabbed the victim and put a knife to her side. He tied her hands behind her back with shoelaces and

forced her to her office to get her coat and jacket, and covered her face. He then forced her into his truck and drove away as she sat on the floor.

Hernandez parked his truck and over several hours forced the victim to perform oral sodomy more than once against her will, kissed and fondled her breasts, touched his penis to her anus, and raped her twice. Hernandez threatened the victim with knives and a pistol. Finally, the victim was able to escape from the truck and run to a store where she called the police.

The State also introduced DNA evidence showing that Hernandez's DNA was present on vaginal and rectal swabs taken from the victim. Also, Hernandez's statement to the police was played for the jury. In the statement, Hernandez admitted taking the victim against her will, binding her with shoelaces, and having sex with her.

In his statement Hernandez asserted that he had been having an affair with the victim and she decided to end it. The victim, however, denied having any relationship with Hernandez. After his conviction, Hernandez filed an amended motion for new trial which raised his allegations of ineffectiveness of his defense counsel.

Under our law,

> [t]o prevail on a claim of ineffective assistance, a defendant must show that counsel rendered deficient performance and that actual prejudice resulted. Counsel are strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment, and counsel's performance is evaluated without reference to hindsight. A petitioner has suffered actual prejudice only where there is a reasonable probability (i.e., a probability sufficient to undermine confidence in the outcome) that, but for counsel's unprofessional errors, the result of the proceeding would have been different. Ineffective assistance claims are mixed questions of law and fact. We accept the [trial] court's findings of fact unless clearly erroneous and independently apply the law to those facts.

(Citation and punctuation omitted.) *Head v. Hill*, 277 Ga. 255, 266 (VI) (587 SE2d 613) (2003). When considering a claim of ineffectiveness, a critical distinction exists between inadequate preparation and unwise trial strategy. *Hudson v. State*, 250 Ga. 479, 486 (8) (299 SE2d 531) (1983). Especially in matters of trial tactics, a Sixth Amendment claim cannot be judged by hindsight or result. *Slade v. State*, 270 Ga. 305, 307 (2) (509 SE2d 618) (1998).

1. Hernandez first contends his defense counsel was ineffective because he failed to object to testimony that Hernandez was on

probation. He contends that evidence of his status put his character in issue and was not relevant to any issue in the case. After a hearing on Hernandez's motion for new trial, the trial court found that counsel's failure to attempt to exclude this evidence did not constitute ineffective assistance of counsel. The trial court "was convinced that the decision not to seek to exclude the evidence was strategic, as so stated by [Hernandez's defense counsel]." Counsel stated that he was seeking to avoid the appearance that he was concealing something from the jury and the court found that this was a reasonable strategic decision. Counsel also believed that it would be better for the jury to know as much about the circumstances as possible and that he did not consider a conviction for DUI to have a serious effect on Hernandez's credibility.

Moreover, the trial court found, and we agree, that the evidence was admissible even though it might have incidentally put Hernandez's character in issue. *Solis v. State*, 268 Ga. App. 493, 500 (3) (602 SE2d 166) (2004); *Greer v. State*, 199 Ga. App. 106, 107 (1) (403 SE2d 825) (1991). Here, the evidence shows that Hernandez used his status as a probationer to gain entry to the agency's office and access to the victim. Consequently, the evidence was relevant and the trial court did not err by finding that counsel's performance on this issue was not deficient. "Failure to make a meritless objection cannot be evidence of ineffective assistance." *Hayes v. State*, 262 Ga. 881, 884-885 (3) (c) (426 SE2d 886) (1993).

2. Hernandez next asserts that his counsel was ineffective because he did not prepare for sentencing in advance of trial and, after the verdict was returned, failed to request a continuance to prepare for sentencing. To establish this claim, Hernandez was required to show that there was a reasonable probability that he would have received a more lenient sentence if witnesses had testified for him. See *Guyton v. State*, 281 Ga. 789, 794 (10) (d) (642 SE2d 67) (2007).

The trial court found that counsel was not ineffective because the defense counsel "clearly established that he had not been provided with any information which would have reasonably allowed him to secure the presence of any of the witnesses [Hernandez] now complains were not called at sentencing." The trial court noted that Hernandez had not specifically identified who the witnesses were and what testimony they may have provided, and further that "attempts to contact or locate family members who may have testified would have been fruitless, given the lack of sufficient information available to trial counsel, and any failure to thereafter pursue any further was not ineffective." This finding is not clearly erroneous.

At the motion for new trial hearing Hernandez's defense counsel

testified that he asked Hernandez about witnesses who might testify in his behalf, and Hernandez told him that his family had moved to Texas and he was not sure where his family was and did not know how to contact them. "[C]ounsel cannot be held ineffective for failing to track down a witness whose whereabouts are unknown. [Cit.]" *Morris v. State*, 257 Ga. App. 169, 172 (2) (570 SE2d 619) (2002). Further, "[t]he reasonableness of counsel's conduct is examined from counsel's perspective at the time of representation and under the particular circumstances of the case." *Buttram v. State*, 280 Ga. 595, 599-600 (15) (631 SE2d 642) (2006).

The court further found that Hernandez

> did not proffer any evidence at the motion hearing that counsel's failure to provide more thorough mitigation evidence prejudiced sentencing of [Hernandez] in any manner. Also, the Court acknowledges that it took notice of the fact that the defendant in other phases of his life was a good worker and family man. The Court evaluated the conduct for which he was accused and thereafter convicted by the jury in structuring a fair and appropriate sentence. Without proof as to what this mitigation may have been, the court cannot speculate what impact, if any, it may have had on the sentence imposed, but given all of the circumstances of this case and the testimony presented as to the crimes committed, the Court is not convinced it would have resulted in a different sentence.

Even if we were to find that Hernandez's counsel's performance was deficient, both prongs of the *Strickland* test must be satisfied before Hernandez would be entitled to a new trial. *Dickens v. State*, 280 Ga. 320, 321 (2) (627 SE2d 587) (2006). Hernandez was also required to show a reasonable probability existed that he would have received a more lenient sentence if witnesses had testified for him. Error by counsel, even if unreasonable professionally, does not warrant reversal if the error had no effect on the judgment. *Goodwin v. Cruz-Padillo*, 265 Ga. 614, 615 (458 SE2d 623) (1995). Accordingly, because he has not shown that any witnesses would have testified on his behalf or what their testimony might have been, Hernandez has not established that a reasonable probability existed that his sentence would have been more lenient if these witnesses had been located and called to testify. Mere speculation will not support a claim of ineffective assistance of counsel. *McDaniel v. State*, 279 Ga. 801, 802 (2) (c) (621 SE2d 424) (2005). See also *Dickens v. State*, supra, 280 Ga. at 320 (defendant must offer more than mere speculation that witness has relevant, favorable evidence that would

have resulted in different verdict).

As for the failure of defense counsel to seek a continuance, counsel testified that he could not represent to the court that he had witnesses who would testify because he did not know whether he would be able to present any witnesses. At the motion for new trial hearing, which was held in February 2009, more than two years after his sentencing in May 2006, his new counsel did not identify any witnesses who might have testified in mitigation for Hernandez and did not suggest what any witnesses would have said if called. Under these circumstances, we cannot say that trial counsel was ineffective within the meaning of *Strickland v. Washington*, supra, for not seeking a continuance.

*Judgment affirmed. Miller, C. J., and Andrews, P. J., concur.*

DECIDED MARCH 24, 2010.

*Deborah L. Gowen*, for appellant.
*Kenneth W. Mauldin, District Attorney, Brian V. Patterson, Assistant District Attorney*, for appellee.

