## A11A0473. WYCKOFF v. THE STATE.
### (710 SE2d 835)

BARNES, Presiding Judge.

Donald Keith Wyckoff appeals the trial court's denial of his motion to withdraw his guilty plea, arguing that his counsel was ineffective and that withdrawal was necessary to correct a manifest injustice. For the reasons that follow, we affirm.

Wyckoff was arrested on October 2, 2009 for aggravated child molestation, child molestation, aggravated sexual battery, and enticing a child for indecent purposes, and the trial court appointed him counsel on October 5, 2009. After a hearing on November 23, 2009, the trial court denied his motion for bond. He was indicted November 20, 2009 on charges of aggravated child molestation, child molestation, and enticing a child for indecent purposes. On February 22, 2010, the trial court conducted a plea hearing during which the State agreed to nolle pros the aggravated child molestation and Wyckoff pled guilty to child molestation and enticing a child for indecent purposes. On March 1, 2010, within the same term of court, Wyckoff moved to withdraw his guilty plea. At the end of a hearing on April 19, 2010, the trial court denied the motion, and Wyckoff filed a notice of appeal.

Wyckoff asserts that the trial court erred in denying his motion to withdraw his guilty plea because his counsel was ineffective because she spent little time with him, failed to inquire about his mental well-being, and was unavailable to discuss his case during the plea hearing, at which he was confused due to sleep deprivation. He further contends he only found out after he entered his plea that witnesses would have come to court for him. The court should have granted his motion to correct a manifest injustice, he asserts, the injustice being that he "was placed into circumstances where he had to make this last-minute drastic decision [to enter a plea] because of unprepared counsel who had not spoken with witnesses nor communicated with him while he remained in custody for four months awaiting trial."

> A defendant who pleads guilty and seeks to overturn his conviction because of counsel's errors must show both that counsel's performance was deficient and that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.

(Citations and punctuation omitted.) *Trauth v. State*, 283 Ga. 141, 142 (2) (657 SE2d 225) (2008). In reviewing claims of ineffective assistance of counsel, we accept the trial court's factual findings and

credibility determinations unless they are clearly erroneous. *Robinson v. State*, 277 Ga. 75, 76 (586 SE2d 313) (2003).

While Wyckoff argues his public defender only met with him briefly twice, the record shows that his attorney submitted a bond petition, which her co-counsel argued at a hearing, and submitted and responded to discovery requests. His lawyer's investigator testified at the motion to withdraw hearing that she met Wyckoff at the jail several times, discussed potential witnesses, attempted to obtain witness contact information, reviewed Wyckoff's statements to the police with him, and went over the plea negotiations and forms. While the public defender who represented Wyckoff at the plea hearing had not met him before, she testified that she clarified his only question regarding the plea offer, which related to the no-contact provision of the special conditions of probation. After she explained that, while Wyckoff could not contact the victim, when she turned 18 the victim could petition the court for permission to contact Wyckoff. After that explanation, the attorney testified, Wyckoff was ready to proceed with the plea.

The State made a factual proffer at Wyckoff's plea hearing that in July 2009, the 14-year-old victim came for the summer to stay with her aunt, who worked with Wyckoff at his father's restaurant. Wyckoff asked the victim to be his "secret girlfriend," and when he obtained permission to take her to a park, he instead took her to his residence and had sexual intercourse with her. Wyckoff testified that he understood he was waiving his right to a jury trial at which the State would have to prove his guilt beyond a reasonable doubt, that he could be sentenced to a maximum of seventy years in confinement for the two charges, and that his lawyer and the State had negotiated a lesser sentence which the trial court was not bound to accept. He answered affirmatively when the court asked him if he had read the indictment and understood what he was accused of doing in the two counts to which he agreed to plead guilty. He also said yes when the court asked him if he had met with his attorneys, discussed his case, asked questions about his rights, the law, and possible sentences, had enough time to obtain answers, and was satisfied with his representation.

After the court reviewed the waiver form on the record, it ascertained that Wyckoff was acting of his own free will, had not been threatened or promised anything, knew he had a right to subpoena witnesses and to a jury trial, was not under the influence of drugs, medicine, or alcohol, had no questions about his case, and was, in fact, guilty of the charges. Based on his answers, the State's proffer, and the contents of the waiver and plea form, the court accepted Wyckoff's guilty plea. The court then read aloud the recommended sentence and the special conditions of probation, and

Wyckoff admitted that it was the sentence he and his lawyers had negotiated. The court then pronounced the sentence: twenty years to serve eight in confinement on each count, to run concurrent.

A week later on March 1, 2010, Wyckoff filed a motion to withdraw his plea, contending that he had not made it freely, voluntarily, and intelligently. The next day, the trial court appointed a new lawyer to represent him on this issue, and held a hearing on April 19, 2010. Wyckoff testified at this hearing that he only pled guilty because his lawyers told him he had no one on his side, that they would not call any witnesses, and that if he did not plead guilty the State would bring additional charges against him and he would never get out of jail. He said he felt threatened and scared with no choice but to plead guilty, although he admitted knowing he would be sentenced to less than the maximum time if he pled guilty. He "kind of" remembered meeting with the investigator before he pled guilty but she "was just throwing papers in front" of him and he did not know what he was signing because he had not slept for 24 hours. He said he did not remember any of the judge's questions during the plea hearing,

In its written order denying Wyckoff's motion to withdraw his guilty plea, the trial court found that Wyckoff's testimony was not credible and that the record did not substantiate his claims of memory loss. At the motion hearing, the trial court noted that, contrary to Wyckoff's testimony that he was incapable of functioning and remembered nothing, he had been able to respond individually to the court's questions during the plea hearing and had written detailed letters explaining his objections to the proceedings. Reviewing the record as a whole, these factual findings and credibility determinations are not clearly erroneous.

Accordingly, we find no abuse of discretion in the trial court's denial of Wyckoff's motion to withdraw his guilty plea.

*Judgment affirmed. Adams and Blackwell, JJ., concur.*

DECIDED MAY 18, 2011.

*Bryan H. Frost*, for appellant.
*Layla H. Zon, District Attorney, Stephanie R. Myers, Assistant District Attorney*, for appellee.