## S12A0904. MORENO-RIVERA v. THE STATE.
(729 SE2d 366)

MELTON, Justice.

Following a jury trial, Julio Moreno-Rivera appeals his conviction for malice murder, among other crimes,[1] contending that he received ineffective assistance of trial counsel. For the reasons set forth below, we affirm.

1. Viewed in the light most favorable to the verdict, the record shows that Victor Santos and Erica Hernandez, who grew up in Mexico, were married and, at the time of the incident, had three young children. Victor and Erica were friends with Bruno Moreno-Rivera, Julio's brother, who had grown up with Victor in Mexico. When Bruno came to the United States, he lived with Victor and Erica for a year before finding a place of his own. Later, Julio came to the United States from Mexico and moved in with Victor and Erica. On the date of the shooting, Victor, Erica, and their three children shared their apartment with Julio and Victor's father, Eusebio Trejo, who was called "Chevo." On October 4, 2008, after a series of escalating arguments with Victor and Chevo, Julio pulled out his handgun and began waving it around. Victor tried to take the gun from Julio, but Julio put the weapon under Victor's face and started shooting. Victor sustained four gunshot wounds, including one to the neck and two to the head. Upon hearing gunshots, Chevo ran out of the apartment. Julio then reloaded his gun and shot Chevo in the arm and the back of his head. Julio left the scene on foot, and he was arrested almost immediately after the shooting. Julio told the arresting officer that, "I did it. I killed them. Take me to jail." Victor died, while Chevo lived and returned to Mexico after the incident. At trial, Julio testified on his own behalf and argued that he shot in self-defense.

This evidence was sufficient to enable the jury to find Julio guilty of the crimes for which he was convicted beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

---

[1] On December 22, 2008, Appellant was indicted for malice murder, felony murder predicated on aggravated assault, two counts of aggravated assault (one against each victim), possession of a firearm during the commission of a felony, and misdemeanor possession of marijuana. Appellant was tried before a jury, and, on December 10, 2009, was found guilty on all counts. Appellant was sentenced to life imprisonment for malice murder, twenty consecutive years for one count of aggravated assault against the victim who did not die, five consecutive years for possession of a firearm, and one concurrent year for possession of marijuana. The conviction for felony murder was vacated by operation of law, *Malcolm v. State*, 263 Ga. 369 (4) (434 SE2d 479) (1993), and the conviction for aggravated assault against the murder victim was merged into the conviction for malice murder. Appellant filed a motion for new trial on January 7, 2010, changed counsel, and filed an amended motion on May 25, 2011. The motion for new trial was denied on August 19, 2011, and Appellant filed a timely notice of appeal. His case was docketed to the April 2012 term of this Court and submitted for decision on the briefs.

2. In his sole enumeration, Julio contends that he received ineffective assistance because his trial counsel failed to adequately investigate and prove prior acts of violence committed in Mexico by Victor and Chevo. Julio contends that this evidence would have supported his claims of self-defense.

> In order to succeed on his claim of ineffective assistance, [Julio] must prove both that his trial counsel's performance was deficient and that there is a reasonable probability that the trial result would have been different if not for the deficient performance. *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984). If an appellant fails to meet his burden of proving either prong of the *Strickland* test, the reviewing court does not have to examine the other prong. Id. at 697 (IV); *Fuller v. State*, 277 Ga. 505 (3) (591 SE2d 782) (2004). In reviewing the trial court's decision, " '[w]e accept the trial court's factual findings and credibility determinations unless clearly erroneous, but we independently apply the legal principles to the facts.' [Cit.]" *Robinson v. State*, 277 Ga. 75, 76 (586 SE2d 313) (2003).

*Lytle v. State,* 290 Ga. 177, 180 (4) (718 SE2d 296) (2011).

Trial counsel testified that Julio could not give her the name of a witness to the alleged killing in Mexico; he could not give her the name of a victim of the alleged killing in Mexico; he could not give her the location of the alleged killing in Mexico, except for possibly a village "it was near"; and he could not provide any "contact information" for the alleged killing in Mexico. Since trial counsel was given no information by Julio from which to conduct an investigation into prior violent acts by Victor and Chevo, she was not ineffective by failing to do so.

> "Trial counsel cannot be held ineffective for failing to track down a witness whose whereabouts are unknown. [Cit.]" *Morris v. State*, 257 Ga. App. 169, 172 (2) (570 SE2d 619) (2002). Here, not only was the witness's location unknown, but the witness's identity was unknown to trial counsel. Under those circumstances, we find no error in the trial court's rejection of this claim of ineffectiveness.

*Moore v. State*, 278 Ga. 397, 401 (2) (d) (603 SE2d 228) (2004). *Judgment affirmed. All the Justices concur.*

DECIDED JULY 2, 2012.

*Charita H. Demps*, for appellant.

*Robert D. James, District Attorney, Leonora Grant, Assistant District Attorney, Samuel S. Olens, Attorney General, Paula K. Smith, Senior Assistant Attorney General, Clint C. Malcolm, Assistant Attorney General*, for appellee.