311 Ga. 277
FINAL COPY

S21A0392.  THURMAN v. THE STATE.

BOGGS, Justice.

Appellant Derrick Thurman challenges his convictions for malice murder and other crimes in connection with the shooting death of Timothy Hobbs.[1] In his sole enumeration of error, Appellant contends that his trial counsel provided ineffective assistance by failing to investigate and call Appellant's grandmother, Bernice Thurman, as an alibi witness. We affirm.

---

[1] Hobbs was killed on June 11, 2016. On February 14, 2017, a DeKalb County grand jury indicted Appellant for malice murder, felony murder, aggravated assault, and possession of a firearm during the commission of a felony. At a trial from October 9 to October 12, 2017, the jury found Appellant guilty of all charges. The trial court sentenced Appellant to life in prison for malice murder and five years suspended for possession of a firearm during the commission of a felony. The felony murder count was vacated by operation of law, and the aggravated assault count was merged with the malice murder conviction. On November 9, 2017, Appellant filed a motion for new trial, which he amended through new counsel on November 21, 2018. After hearings on November 28, 2018 and February 1, 2019, the trial court denied the motion for new trial as amended in an order filed on April 17, 2019. Appellant filed a timely notice of appeal, and the case was docketed in this Court to the term starting in December 2020 and submitted for a decision on the briefs.

The evidence presented at trial showed the following. There was a history of animosity between Appellant and Hobbs. On March 13, 2016, Appellant was wounded in a shootout with an unknown assailant who the police suspected may have been Hobbs, leaving Appellant with damage to his abdomen that required a colostomy bag. In May 2016, Appellant and several other people were involved in a fistfight with Hobbs in which Hobbs was injured.

Between 3:00 a.m. and 3:15 a.m. on June 11, 2016, Hobbs left his fiancée's apartment to get some beer from a known bootlegger in the apartment complex who lived in a building across the parking lot. As Hobbs was walking across the parking lot, Appellant, who was drinking beer with a man named Gary Sergeant, suddenly walked away and said he would be right back. As he walked away, Sergeant heard him say, "That looks like that motherf****r right there." When Appellant did not return, Sergeant went back to his own apartment. Sergeant knew of Appellant's reputation for carrying a gun and believed he owned a .40-caliber firearm.

As soon as Hobbs left the bootlegger's apartment, Appellant

shot him five times from behind, followed him as Hobbs fled up the stairs, and shot him three more times in the back. The police received a report of a shooting at the apartment complex at 3:17 a.m. Hobbs was found breathing, lying with his head at the bottom of the stairwell and his legs on the stairs. He was taken to Grady Hospital, where he later died of blood loss due to his wounds.

At the scene, the police collected eight .40-caliber shell casings from the bottom of the stairs where Hobbs was shot. These shell casings were fired from the same gun as the .40-caliber bullets recovered from the March 13, 2016 shooting. Appellant was also identified on a video surveillance recording by multiple witnesses as the person heading toward Hobbs only moments before he was shot.[2]

Appellant contends that his trial counsel's performance was constitutionally deficient because he failed to investigate and call Appellant's grandmother, Bernice Thurman, as an alibi witness. We disagree.

---

[2] We remind litigants that the Court no longer routinely considers the sufficiency of the evidence sua sponte in non-death penalty cases. See *Davenport v. State*, 309 Ga. 385, 399 (846 SE2d 83) (2020).

To prevail on an ineffective assistance of counsel claim, Appellant must show both that his trial counsel's performance was deficient and that this deficiency prejudiced his defense. See *Strickland v. Washington*, 466 U. S. 668, 687 (104 SCt 2052, 80 LE2d 674) (1984). An appellant must satisfy both prongs of the *Strickland* test, and if one prong fails, "it is not incumbent upon this Court to examine the other prong." *Smith v. State*, 296 Ga. 731, 733 (770 SE2d 610) (2015) (citation and punctuation omitted). To establish deficient performance, an appellant "must overcome the strong presumption that his . . . counsel's conduct falls within the broad range of reasonable professional conduct and show that his counsel performed in an objectively unreasonable way" in the light of all the circumstances and prevailing norms. Id. (citation and punctuation omitted). Even when trial counsel is no longer available to testify, an "appellant must still overcome this presumption." *Jones v. State*, 296 Ga. 561, 564 (769 SE2d 307) (2015). To establish prejudice, an appellant must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding

4

would have been different." *Strickland*, 466 U. S. at 694. In reviewing either component of the inquiry, all factual findings by the trial court will be affirmed unless clearly erroneous. See *Smith*, 296 Ga. at 733.

Appellant was unable to call his trial counsel as a witness during the motion for new trial hearings because counsel had died. Instead, to support Appellant's ineffectiveness claim, he called his grandmother, Bernice Thurman. While she testified that Appellant was in their shared apartment around 4:00 a.m. on June 11, 2016, she also explained that shortly after the incident she moved out of the apartment, moved several more times before Appellant's trial, did not keep in contact with Appellant, and had no phone. She never spoke to Appellant or to his trial counsel about what she saw, even after learning about Appellant's arrest.

Appellant and his mother also testified during the hearings. Appellant explained that he told his trial counsel that his grandmother could be a potential alibi witness, but he also admitted that he never provided trial counsel with her contact information,

did not know where she lived, and never contacted her because she did not have a phone. Appellant's mother testified that she provided trial counsel with Bernice Thurman's phone number and claimed to speak with her daily, but Appellant's mother also admitted she did not know where her mother lived.

Given this testimony, the trial court concluded that trial counsel could not have contacted Appellant's grandmother to investigate or call her as an alibi witness and expressly found Appellant's mother's testimony not credible, noting it contradicted Bernice Thurman's testimony that she did not own a phone.

Given that finding and that trial counsel cannot be held constitutionally deficient for failing to investigate or call a witness "whose whereabouts are unknown," *Moreno-Rivera v. State*, 291 Ga. 336, 337 (729 SE2d 366) (2012) (citation and punctuation omitted), the trial court did not err by concluding that Appellant's trial counsel was not ineffective for failing to contact or call the grandmother as a witness here. See also *Woods v. State*, 275 Ga. 844, 847 (573 SE2d 394) (2002) (trial counsel not ineffective for failing to

6

call a witness when all appellant told him was that the witness was in jail somewhere in Ohio); *Hernandez v. State*, 303 Ga. App. 103, 106 (692 SE2d 712) (2010) (trial counsel not ineffective for failing to investigate or call witnesses when appellant told him they had moved and he was unsure where to find or contact them).

*Judgment affirmed. All the Justices concur.*

Decided April 5, 2021.

Murder. DeKalb Superior Court. Before Judge Hunter.

*Daniel H. Petrey*, for appellant.

*Sherry Boston, District Attorney, Deborah D. Wellborn, Jason M. Rea, Assistant District Attorneys; Christopher M. Carr, Attorney General, Patricia B. Attaway Burton, Deputy Attorney General, Paula K. Smith, Senior Assistant Attorney General, Meghan H. Hill, Assistant Attorney General*, for appellee.