S07A0322. ROPER v. THE STATE.
(644 SE2d 120)

CARLEY, Justice.

Joseph Roper was tried before a jury on a felony murder count, which alleged that he was a convicted felon and that he had killed Donald Smith while possessing a firearm in violation of OCGA § 16-11-131. He did not deny firing the fatal shots, but he claimed justification as his sole defense. However, the jury returned a guilty verdict, and the trial court imposed a life sentence. Thereafter, new appellate counsel filed a motion for new trial which raised, among other grounds, the ineffectiveness of trial counsel. The trial court denied the motion for new trial, and Roper appeals.[*]

---

[*] The crime was committed on February 23, 1999, and the grand jury indicted Roper on October 25, 1999. The jury returned the guilty verdict on March 17, 2000, and the trial court entered the judgment of conviction and imposed the life sentence on that same day. Roper filed a motion for new trial on April 10, 2000, which the trial court denied on August 2, 2006. Roper filed a notice of appeal on September 1, 2006, and the case was docketed in this Court on November 2, 2006. The appeal was submitted for decision on briefs.

1. Roper enumerates the general grounds. At the outset of the trial, he stipulated to his status as a convicted felon. Accordingly, the question is whether the evidence, when construed most strongly in support of the jury's guilty verdict, is sufficient to authorize a rational trier of fact to find beyond a reasonable doubt that he killed Smith while in possession of a firearm.

The State's evidence showed that Smith had accosted one man behind a market and was in the process of robbing a friend of Roper's when Roper drove into the parking lot. After being informed of these events, Roper retrieved a gun from under the driver's seat, walked to the corner of the building and peeked around. He did not confront Smith, but returned to his car and left the door open. Eventually, Smith came around the corner of the store. He had a gun in his hand, but was not pointing it at anyone. Roper jumped from his vehicle and shouted at Smith to "Pull it." An eyewitness testified that, "after he said that, he shot [Smith] three times." Smith never aimed his gun at Roper.

At trial Roper offered a different version of the shooting. He testified that Smith turned the corner of the building and ran toward the car while holding a gun. Roper pointed his weapon at Smith because, in his words,

> I know when I seen him come up with the gun, I realized my life was in danger. I realized that he was going to take something from me or do something. I just seen him shoot at [a friend] and I just heard about when he robbed [another man], so I thought he was fixing to come and do something to me. . . . I thought he was fixing to shoot me.

Roper repeatedly denied that, at the time he fired the shots, he was acting in defense of anyone other than himself. For example, when asked several times on cross-examination whether he was protecting someone from being robbed by Smith, Roper said "I was trying to protect myself" or gave similar testimony. When asked why he did not think that Smith was a threat to anyone else in the parking lot, Roper replied:

> Because he came back this way. Now, if he want to get anybody that was on this side, he would have done got them, he passed them and came around to the end of my car. When I know he got to the end of my car and stopped, I know my life was in danger. I simply told him, I said, don't do it man. I tried to discourage him. . . . I'm saying that I did it because he was fixing to kill me, he was fixing to do something to me. . . . [I had to kill him f]or me to keep my life.

On appeal, Roper's general grounds

argument merely highlights his version of events and re-asserts his claim of self-defense. Witness credibility is a matter for the jury, as is the question of justification; there-fore, the jury was free to reject the claim that [Roper shot Smith] in self-defense. [Cit.] The evidence was sufficient to enable a rational trier of fact to find [Roper] guilty beyond a reasonable doubt of the felony murder of [Smith]. *Jackson v. Virginia,* 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

*Price v. State,* 280 Ga. 193, 195 (2) (625 SE2d 397) (2006).
2. The remaining enumerations of error all relate to the jury charge on Roper's justification defense. The trial court gave a general instruction on justification which correctly stated that the use of force is authorized in defense of oneself or third persons. With regard to the underlying felony offense of possession of a firearm by a convicted felon, however, the trial court only charged the jury that the use of force was authorized in defense of oneself. In a subsequent recharge, the trial court repeated the instruction which did not include defense of third persons as a circumstance encompassed within the justifica-tion defense to possession of a firearm by a convicted felon. Roper urges that the charge and recharge are erroneously incomplete statements of his sole defense and that his trial counsel's actions and inactions were ineffective in connection with this issue.
   " 'Among other requirements, a jury instruction must be ad-justed to the evidence and embody a correct, applicable, and complete statement of law.' [Cit.]" *Lester v. State,* 278 Ga. App. 247, 251 (4) (628 SE2d 674) (2006).

"The office of a charge by the court is to give to the jury such instruction touching the rules of law pertinent to the issues involved in a pending trial as will enable them intelligently to apply thereto the evidence submitted, and from the two constituents law and fact make a verdict." [Cit.]

*Chase v. State,* 277 Ga. 636, 639 (2) (592 SE2d 656) (2004). Here, the indictment alleged that Roper, "while in the commission of the offense of Possession Of A Firearm By A Convicted Felon, a felony, did cause the death of Donald Smith, Jr., a human being, by shooting [him]." Thus, regardless of why he might have possessed the weapon at any previous time, the reason for his possession of the weapon at the time that he shot the victim was the dispositive inquiry. Under the evidence, including Roper's own express and unequivocal testimony, he was acting solely in defense of himself when he shot the victim.

Therefore, a charge on justification based upon the defense of third persons was not authorized. *Williams v. State*, 267 Ga. 771, 774 (2) (c) (482 SE2d 288) (1997). Compare *Little v. State*, 195 Ga. App. 130 (392 SE2d 896) (1990). Because the charge that was given was adjusted to the evidence and was not erroneously incomplete, Roper's defense counsel was not ineffective in her failure either to object or to request a more expansive instruction. See *Johnson v. State*, 275 Ga. 650, 653 (8) (571 SE2d 782) (2002).

*Judgment affirmed. All the Justices concur.*

DECIDED APRIL 24, 2007.

*Bernard Knight*, for appellant.

*Gwendolyn Keyes Fleming, District Attorney, Daniel J. Quinn, Assistant District Attorney, Thurbert E. Baker, Attorney General, Chad E. Jacobs, Assistant Attorney General*, for appellee.