S13A0679. ANDREWS v. THE STATE.
(749 SE2d 734)

MELTON, Justice.

Following a jury trial, Joseph Andrews was found guilty of malice murder and felony murder in connection with the shooting death of Cornelius Lowe.[1] On appeal Andrews contends that his trial counsel was ineffective, that the trial court erred by allowing incriminating

---

[1] On September 18, 2007, Andrews was indicted for malice murder and felony murder (predicated on aggravated assault). Following a seven-day jury trial, on May 20, 2009, Andrews was found guilty on both charges. On that same day, the trial court sentenced Andrews to life imprisonment for malice murder. The felony murder conviction was vacated by operation of law. See *Malcolm v. State*, 263 Ga. 369 (4) (434 SE2d 479) (1993). Andrews filed a motion for new

hearsay statements from his co-defendants to be admitted into evidence at trial, and that the trial court erred by denying his motion for a mistrial. We affirm.

1. Viewed in the light most favorable to the jury's verdict, the evidence reveals that, at approximately 1:00 a.m. on February 5, 2004, Andrews and co-defendants Tremaine Deon Calhoun and Billy Randy Davis, Jr., chased Lowe with the intention of stealing drugs from him. One of the men shot Lowe four times in the head while Lowe was down on his knees and begging for his life. Andrews went through Lowe's pockets, and Davis and Calhoun then stashed the gun behind a house about three blocks away from the place where Lowe had been shot. Lowe's dead body was found later that morning at around 11:00 a.m. Police recovered a .22 caliber gun from behind the house where Davis and Calhoun had placed it, and recovered Winchester .22 caliber bullets from Lowe's head that were consistent with having been fired from the type of gun recovered. Footprint casts were made of the shoe impressions near Lowe's body and the area where the gun had been found, and those casts indicated that Andrews and Calhoun had shoes of a similar design and size that could have made the shoe impressions. Police also found a box of Winchester .22 bullets at Andrews' house.

The morning after the murder, Davis and Andrews told various people that they had been involved in killing someone. Andrews also admitted to his cellmate that he, Calhoun, and another person had intended to rob Lowe, but Calhoun ended up shooting the victim and they discarded the gun. Calhoun also admitted to his cellmate that he was involved in robbing Lowe and shooting him in the face and head. Davis admitted to his ex-girlfriend that he had been involved with trying to rob Lowe and shooting Lowe when he tried to run away, and that he would "blow [her] brains out like he did Lowe" if she said anything about the crime. Other witnesses also testified that they had been threatened by the defendants and warned that they would be killed if they testified against the defendants.

Similar transaction evidence was also introduced at trial by two men who claimed that Calhoun had robbed them while they were selling drugs. One of the men testified that, a week before Lowe's murder, Andrews and Calhoun robbed him of drugs, and shots were

trial on May 27, 2009, which he amended on May 29, 2012. The motion was denied on September 11, 2012. Andrews filed a timely notice of appeal on October 4, 2012, but his appeal was only forwarded to the Court of Appeals after his attorney filed an affidavit of poverty in the trial court on November 8, 2012. After Andrews paid costs in this Court on January 8, 2013, his appeal was docketed in this Court for the April 2013 term and submitted for decision on the briefs.

fired. Andrews admitted at trial that, although he took drugs from that man, he did not consider this to be a "robbery" because he only stole drugs and the victim did not call the police. Andrews also testified at trial that, on the night of the murder, he left Calhoun's house between 11:00 p.m. and 11:30 p.m. and went to his girlfriend Africa Hill's house where he slept until 7:00 a.m. the next morning.

The evidence was sufficient to enable a rational trier of fact to find Andrews guilty of murder and felony murder beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SCt 2781, 61 LE2d 560) (1979); see also OCGA § 16-2-20 (parties to a crime). The jury was free to reject Andrews' claim that he was at his girlfriend's house at the time of the murder and instead conclude that he was a willing participant who was directly involved in the crime at the time that it was committed. See, e.g., *Odom v. State*, 279 Ga. 599 (619 SE2d 636) (2005).

2. Andrews contends that his trial counsel was ineffective for failing to call his girlfriend, Africa Hill, as an alibi witness at trial.

In order to succeed on his claim of ineffective assistance, Andrews must prove both that his trial counsel's performance was deficient and that there is a reasonable probability that the trial result would have been different if not for the deficient performance. *Strickland v. Washington*, 466 U. S. 668 (104 SCt 2052, 80 LE2d 674) (1984). If an appellant fails to meet his or her burden of proving either prong of the *Strickland* test, the reviewing court does not have to examine the other prong. Id. at 697 (IV); *Fuller v. State*, 277 Ga. 505 (3) (591 SE2d 782) (2004). In reviewing the trial court's decision, " '[w]e accept the trial court's factual findings and credibility determinations unless clearly erroneous, but we independently apply the legal principles to the facts.' [Cit.]" *Robinson v. State*, 277 Ga. 75, 76 (586 SE2d 313) (2003).

Counsel testified at the motion for new trial hearing that Hill had given several conflicting statements to police, and that phone records revealed that Hill may not have been telling the truth about alleged calls that she said she had made to Andrews on the night of the murder. Counsel therefore made a strategic decision not to call her as a witness, as he believed that doing so would not have been helpful to Andrews' case. Because this strategic decision was reasonable under the circumstances, Andrews cannot show that his trial counsel was ineffective for having failed to call Hill as an alibi witness at trial. See, e.g., *Green v. State*, 291 Ga. 287, 297 (10) (d) (728 SE2d 668) (2012) (no showing of ineffective assistance where "counsel's judgment and tactics were reasonable" in determining that alleged alibi witnesses were "unable to support an alibi defense") (citation and punctuation omitted).

3. Andrews argues that the trial court erred by admitting into evidence various incriminating hearsay statements of his co-defendants at trial. However, the record reveals that Andrews did not make a contemporaneous objection to any alleged statements that he believed were improperly admitted into evidence at trial.[2] He has therefore waived review of this issue on appeal. See *Bailey v. State*, 291 Ga. 144 (2) (728 SE2d 214) (2012).

4. Finally, Andrews asserts that the trial court erred by denying his motion for a mistrial after the State made improper statements about Andrews' alleged "future dangerousness" during its closing argument. See, e.g., *Sterling v. State*, 267 Ga. 209 (2) (477 SE2d 807) (1996). However, the record reveals that he has also waived review of this issue on appeal. Indeed, Andrews did not make any contemporaneous objection to the purported future dangerousness argument at the time that it was made, which results in his waiver of appellate review of this issue. *Henderson v. State*, 285 Ga. 240, 245 (6) (675 SE2d 28) (2009).

Moreover, contrary to Andrews' assertions in his brief, the record also reveals that he did not actually move for a mistrial based on the allegedly improper statements. It was co-defendant Calhoun who moved for a mistrial based on the alleged statements of future dangerousness, and Andrews never joined in this motion. In any event, even if Andrews had joined this motion, it would not change our analysis, as even co-defendant Calhoun failed to object to the alleged future dangerousness argument at the time that it was made, which made the motion for mistrial untimely. Accordingly, Andrews still would have waived review of this issue on appeal even if he had moved for a mistrial as he represented that he had in his brief to this Court. *Tennyson v. State*, 282 Ga. 92, 94 (4) (646 SE2d 219) (2007) ("In the absence of a contemporaneous objection, a mistrial motion is

---

[2] Although co-defendant Calhoun filed a "Motion for Pre-trial Hearing to Determine the Admissibility of Alleged Co-Defendant Hearsay," Andrews never joined this motion, and the trial court made no ruling on the motion prior to or during trial. Nor was any objection raised by Andrews during trial regarding any allegedly improperly admitted hearsay statements of his co-defendants. At the close of the State's case, co-defendant Calhoun moved for a directed verdict, claiming that the State had not proven conspiracy such that the hearsay statements of his co-defendants could have been properly admitted into evidence. See former OCGA § 24-3-5. Andrews purported to "concur" in Calhoun's argument at that time. However, again, this would not constitute a contemporaneous objection to any alleged co-defendant hearsay statements at the time that they had been made during the State's case-in-chief. Furthermore, Andrews' claim on appeal that he preserved any error relating to the alleged hearsay statements simply because he raised the issue in his motion for new trial is unavailing, as, again, an issue raised in a motion for new trial after the trial has ended obviously does not amount to a contemporaneous objection to alleged hearsay statements made during the trial itself.

untimely and will not be considered on appeal") (citation and punctuation omitted).

Judgment affirmed. All the Justices concur.

DECIDED OCTOBER 7, 2013.

Edgar A. Callaway, Jr., for appellant.

Fredric D. Bright, District Attorney, Stephen A. Bradley, Allison T. Mauldin, Assistant District Attorneys, Samuel S. Olens, Attorney General, Patricia B. Attaway Burton, Deputy Attorney General, Paula K. Smith, Senior Assistant Attorney General, David A. Zisook, Assistant Attorney General, for appellee.