In the Supreme Court of Georgia

Decided: November 3, 2014

S14A1573. POELLNITZ v. THE STATE.

MELTON, Justice.

Following a jury trial, Joseph Leroy Poellnitz, Jr., was found guilty of malice murder, felony murder, aggravated assault, possession of a firearm by a convicted felon, and possession of a firearm during the commission of a felony.[1] On appeal, Poellnitz contends that the trial court made a number of improper evidentiary rulings and that he received ineffective assistance of counsel. For the

---

[1] On July 19, 2010, Poellnitz was indicted for malice murder, two counts of felony murder, aggravated assault, possession of a firearm by a convicted felon, and possession of a firearm during the commission of a felony. Following a jury trial, Poellnitz was found guilty of all counts on July 22, 2010. That same day, the trial court sentenced Poellnitz to life imprisonment for malice murder, five consecutive years for possession of a firearm during the commission of a felony, and five additional years for possession of a firearm by a convicted felon to run consecutively to murder and concurrently to the other count of firearm possession. The count of aggravated assault was merged with the murder count, and the two counts of felony murder were vacated by operation of law. Malcolm v. State, 263 Ga. 369 (4) (434 SE2d 479) (1993). Poellnitz's motion for new trial, filed on August 9, 2010 and amended on March 23, 2012, was denied by the trial court on September 4, 2013. After the filing of a timely notice of appeal, Poellnitz's case was docketed to the September 2014 Term of this Court and orally argued.

reasons set forth below, we affirm.

1. In the light most favorable to the verdict, the record shows that, on August 4, 2009, Alpha Lorenzo Booker was shot and killed. The day before the murder, Poellnitz, Booker, and Maisha Wright, who has two children with Poellnitz, were running errands. Afterwards, Poellnitz and Booker took Wright to the apartment complex where she and Poellnitz lived. Poellnitz and Booker then left together, and, later that night, Poellnitz returned in an agitated state. Poellnitz went outside, and Wright followed. Booker jumped out of his truck and onto a red car where he smashed the windshield with his foot. At that point, Wright witnessed Poellnitz pull out a gun and shoot Booker. Poellnitz immediately drove away in his green Ford Expedition. Police later received multiple tips that a green Ford Expedition had been seen leaving the apartment parking lot shortly after the shooting. Those tips were corroborated by the security cameras.

After being shot, Booker stumbled to the back porch of Lakitta Wyatt's apartment. Police responded, and Booker was transported to a hospital where he later died. Booker did not identify the person who shot him. Months later, however, Wright told her friend Zabria Hill what happened on the night of the

murder. This ultimately led to Wright telling the police in a recorded interview that she had seen Poellnitz shoot Booker. Wright later recanted her statement and provided an affidavit to the defense that she had lied to the police. She claimed the police threatened to take her children away if she did not give a statement implicating Poellnitz. She also stated that she never told Hill that she saw Poellnitz shoot Booker. The detective who conducted the interview refuted Wright's claims, as did Hill.

This evidence was sufficient to allow the jury to find Poellnitz guilty of the crimes for which he was convicted beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307 (99 SCt 2781, 61 LE2d 560) (1979).

2. Poellnitz contends that the trial court erred by denying his request to instruct the jury regarding the voluntariness of Wright's prior inconsistent statement to police in which she implicated Poellnitz. Specifically, Poellnitz asked the trial court to use the Suggested Pattern Jury Charge on the voluntariness of a *defendant's* statement. As Poellnitz recognizes, however, this charge relates specifically to a defendant, and it is based on a statute regarding

the admissibility of a confession. See OCGA § 24–3–50.[2] It is axiomatic that a requested "jury instruction must be adjusted to the evidence and embody a correct, applicable, and complete statement of law." (Citations and punctuation omitted.) Roper v. State, 281 Ga. 878, 880 (644 SE2d 120) (2007). The charge requested by Poellnitz was not applicable to the testimony of a witness other than the defendant. As a result, it was not an applicable statement of law, and the trial court did not err in rejecting the instruction. Id.

3. Poellnitz argues that his due process rights were violated when, during closing argument, the prosecutor was allowed to encourage jurors to find Poellnitz guilty in order to send a message to other defendants in DeKalb County. As an initial matter, Poellnitz made no contemporaneous objection during closing argument, and he has waived this contention for purposes of appeal. See Andrews v. State, 293 Ga. 701, 704 (4) (749 SE2d 734) (2013). Moreover, as Poellnitz recognizes, "[i]t is not improper for a prosecutor to appeal to the jury to convict for the safety of the community . . . , or to . . . argue

---

[2] Though applicable to this case based on the date on which it was tried, this Code section has been replaced by OCGA § 24-8-824 of the new Evidence Code.

4

to the jury the necessity for enforcement of the law and impress on the jury . . . its responsibility in this regard." (Citations and punctuation omitted.) <u>Philmore v. State</u>, 263 Ga. 67, 69 (3) (428 SE2d 329) (1993). Accordingly, even if it had been preserved, this enumeration would lack merit.

4. Poellnitz maintains that trial counsel rendered ineffective assistance by failing to move for a mistrial when the prosecutor argued, "I'll promise you this . . . he's guilty." We disagree.

> In order to succeed on his claim of ineffective assistance, [Poellnitz] must prove both that his trial counsel's performance was deficient and that there is a reasonable probability that the trial result would have been different if not for the deficient performance. <u>Strickland v. Washington</u>, 466 U.S. 668 (104 SCt 2052, 80 LE2d 674) (1984). If an appellant fails to meet his or her burden of proving either prong of the <u>Strickland</u> test, the reviewing court does not have to examine the other prong. Id. at 697 (IV); <u>Fuller v. State</u>, 277 Ga. 505 (3) (591 SE2d 782) (2004). In reviewing the trial court's decision, "'[w]e accept the trial court's factual findings and credibility determinations unless clearly erroneous, but we independently apply the legal principles to the facts.' [Cit.]" <u>Robinson v. State</u>, 277 Ga. 75, 76 (586 SE2d 313) (2003).

<u>Wright v. State</u>, 291 Ga. 869, 870 (2) (734 SE2d 876) (2012).

As an initial matter, Poellnitz's argument, as framed by appellate counsel, is patently misleading. A review of the transcript reveals that the prosecutor actually argued:

But I'll promise you this too: at the close of this case, after you see the physical evidence, after you've heard the various statements in connection with this case, you will find the only verdict possible on the evidence, both direct evidence and circumstantial evidence in this case, and that's guilty. He's guilty.

Appellate counsel employed ellipses to hide the true gist of the prosecutor's arguments. In their entirety and with the proper context restored to them, the

prosecutor's comments with which appellant takes issue are permissible since they are the conclusion the prosecutor wished the jury to draw from the evidence, and not a statement of the prosecutor's personal belief as to the [defendant's guilt]. Accordingly, counsel's failure to object to these comments during argument was not deficient performance.

(Citation and punctuation omitted.) Adams v. State, 283 Ga. 298, 302 (3) (e) (658 SE2d 627) (2008).

5. Poellnitz contends that the trial court erred by allowing Wright's prior inconsistent statement to be considered by the jury as substantive evidence, arguing that we should follow federal law rather than Georgia law. We have previously rejected this argument.

In Gibbons v. State, [248 Ga. 858 (286 SE2d 717) (1982)], this Court held that a prior inconsistent statement of a witness who takes the stand and is subject to cross-examination is admissible both to impeach the witness and as substantive evidence. Our rationale was that the rule would increase the criminal justice system's ability to discover the truth by protecting the state and defendant from erratic

6

and unpredictable witnesses and attempts to influence witnesses and by protecting witnesses from improper attempts to influence them. Although [Poellnitz] asks this Court to adopt the federal rule and allow prior inconsistent statements to be admitted as substantive evidence only if given under oath, we decline to follow that rule and instead adhere to the modern state rule. As we noted in Gibbons, the "oath is not as strong a guaranty of truth as once it may have been" and the prior inconsistent statement is admissible only if the out-of-court declarant testifies at trial and thus is subject to cross-examination. The availability of cross-examination "assures a meaningful opportunity for the trier of fact . . . to bear his or her sensory observations, experience, common sense and logic upon the witness to assess credibility and to determine the truth and accuracy of both the out-of-court declarations and the in-court testimony." Moreover, prior statements are made closer in time to the event when memories are fresher and when there is less likelihood that the statement is the product of corruption, false suggestion, intimidation or appeals to sympathy.

(Footnotes and punctuation omitted.) Holiday v. State, 272 Ga. 779, 780-781 (2) (534 SE2d 411) (2000). Therefore, the trial court did not err by allowing the jury to consider Wright's prior inconsistent statement as substantive evidence.

6. In his brief, Poellnitz raised an additional enumeration that the trial court erred by failing to assess, sua sponte, whether a certain statement made by Poellnitz with regard to a similar transaction was made voluntarily. At oral argument, however, Poellnitz withdrew this enumeration, and, as such, we do not consider it.

Judgment affirmed. All the Justices concur.