**THIRD DIVISION**
**DILLARD,**
**MCFADDEN and RAY, JJ.**

**NOTICE: Motions for reconsideration must be**
***physically received* in our clerk's office within ten**
**days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules/**

**June 18, 2015**

# In the Court of Appeals of Georgia

A15A0017. LITTLE v. THE STATE.

McFADDEN, Judge.

After a jury trial, Chester Little was convicted of practicing dentistry without a license. He appeals, challenging the sufficiency of the evidence and the denial of a motion for a mistrial based on the court impermissibly speaking to a juror about the deliberations. Because there was enough evidence to support the jury's verdict and the mistrial issue was waived, as there was not actually a motion for a mistrial based on the ground now raised, we affirm.

1. *Sufficiency of the evidence.*

On appeal from a criminal conviction, the standard for reviewing the sufficiency of the evidence "is whether a rational trier of fact could have found the defendant guilty beyond a reasonable doubt. This [c]ourt does not reweigh evidence

or resolve conflicts in testimony; instead, evidence is reviewed in a light most favorable to the verdict, with deference to the jury's assessment of the weight and credibility of the evidence." *Hayes v. State*, 292 Ga. 506 (739 SE2d 313) (2013) (citations omitted).

So viewed, the evidence shows that in 2011, Little filed an insurance claim for a motor vehicle allegedly stolen from the parking lot of his business. An insurance company investigator telephoned Little, who stated that he was a dentist and agreed to meet the investigator at his dental office in Macon the following day. The investigator arrived at the office for the meeting and discovered the name of another dentist, not Little, listed on the building. The investigator went into the office, where she found Little and an assistant in medical scrubs performing a dental procedure on a patient. While in the waiting room, the investigator heard a dentist's drill, observed a patient with gauze in his bloody mouth, saw Little holding a dental instrument, and heard Little schedule a post-operative visit with the patient. Among other things, Little informed the insurance investigator of his annual income from his dental practice. During her subsequent investigation, the investigator learned that Little was not licensed to practice dentistry.

The insurance investigator contacted the Georgia Secretary of State office, which began an investigation of Little for the unlicensed practice of dentistry. Investigators for the secretary of state learned that Little had voluntarily surrendered his license to practice dentistry in Georgia in 1993, with the surrender having the same effect as a revocation of his license. Investigators also learned that Little had surrendered a dentistry license in Texas because it had been obtained through fraudulent means. The secretary of state's office contacted the Macon Police Department to join in the investigation. A police officer, acting undercover, contacted Little and asked him about performing dental work on a sore tooth. Little quoted a price for the dental work and met with the undercover officer to take him to the dentistry office to perform the dental procedure. The secretary of state's office and the police department then conducted a search of Little's dentistry office, where they discovered dental tools, equipment and supplies. When Little was taken into custody, officers found two-sided business cards in his pockets. One side of the cards advertised a used car sales business and the other side advertised Little's general and cosmetic dentistry practice.

"Any person . . . who practices dentistry in this state without obtaining a license to practice from the [Georgia Board of Dentistry] shall be guilty of a felony[.]"

3

OCGA § 43-11-50. The evidence, as recounted above, was sufficient for a rational trier of fact to find Little guilty beyond a reasonable doubt of practicing dentistry without a license. See *McMillan v. State*, 266 Ga. App. 729, 731-733 (1) (b), (c) (598 SE2d 17) (2004), overruled in part on other grounds by *Glidewell v. State*, 279 Ga. App. 114, 122 (7) (a) (630 SE2d 621) (2006).

2. *Motion for a mistrial.*

Little enumerates that the trial court erred in denying his motion for a mistrial based on the court impermissibly speaking to an individual juror during deliberations. However, Little never moved for a mistrial on that ground.

The trial transcript shows that the jury foreperson sent a note to the judge indicating that one of the jurors disagreed with the other jurors and seemed unlikely to change his mind. At that point, Little's attorney moved for a mistrial based on the jury being deadlocked or, alternatively, asked the court to give an *Allen* charge to the jury. See *Allen v. United States*, 164 U.S. 492 (17 SCt 154, 41 LEd 528) (1896). The trial judge denied the motion for a mistrial and the request for an *Allen* charge, and instead indicated that he wanted to talk to the jury foreperson to determine whether the juror was refusing to deliberate and if the jurors were indeed deadlocked. The

4

judge spoke to the foreperson, who reiterated that one juror disagreed with the other jurors, but did not indicate that the juror was refusing to deliberate.

The foreperson returned to the jury room and the judge indicated that he wanted to speak to the juror in question to determine if he was refusing to follow the court's instructions to deliberate. Little's attorney objected, stating that the defense "would rather you not bring him in here and say anything, but the court is in charge." The court then brought the juror into the courtroom, and the juror stated that he was willing to follow the judge's instructions and continue to deliberate. The judge also reminded the juror of an earlier instruction that if he had an opinion about the evidence, he was "not required to surrender that opinion, to be congenial or to get along with the fellow jurors." The judge then sent the juror back to the jury room to continue deliberations.

At that point, Little stood silent and neither renewed his earlier motion for a mistrial based on a deadlocked jury, nor made a new motion for a mistrial based on any ground. Thereafter, the jury returned its verdict and was polled, a sentencing hearing was held, and the court imposed sentence. Because Little has not shown that he actually moved for a mistrial based on the court's allegedly improper discussion with the juror, he has "waived review of this issue on appeal[.]" *Andrews v. State*, 293

Ga. 701, 704 (4) (749 SE2d 734) (2013) (citation omitted). See also *Coe v. State*, 293

Ga. 233, 238 (4) (748 SE2d 824) (2013) (where defendant fails to show that a motion

for a mistrial was made, "he has waived this issue for the purposes of appeal").

*Judgment affirmed.  Dillard and Ray, J J., concur.*