In the Supreme Court of Georgia

Decided: September 12, 2016

S16A1274. ROBINSON v. THE STATE.

MELTON, Justice.

Following a jury trial, Bernard Henry Robinson appeals his convictions

for malice murder and possession of a firearm by a convicted felon, contending

that the evidence was insufficient to support the verdict, that he received

ineffective assistance of trial counsel, and that the trial court erred by not

removing a certain juror.[1] For the reasons set forth below, we affirm.

_____

[1] On March 19, 2008, Robinson was indicted for malice murder, felony
murder predicated on aggravated assault, voluntary manslaughter, aggravated
assault, and possession of a firearm by a convicted felon. After the trial court
denied his motion to dismiss the indictment based on a speedy trial violation,
this Court affirmed the trial court's decision. Robinson v. State, 287 Ga. 265
(695 SE2d 201) (2010). Following a jury trial ending on August 19, 2010,
Robinson was acquitted of voluntary manslaughter, but found guilty of all other
charges. Robinson was sentenced to life imprisonment for malice murder with
five consecutive years for possession of a firearm. The charge of aggravated
assault was merged for purposes of sentencing, and the conviction for felony
murder was vacated by operation of law. Malcolm v. State, 263 Ga. 369 (4) (434
SE2d 479) (1993). On August 26, 2010, Robinson filed a motion for new trial
and amended it on September 17, 2014. The motion was denied on November
20, 2014, and Robinson filed an untimely notice of appeal, resulting in the

1. In the light most favorable to the verdict, the record shows that John Stephen Mitchell was a drug addict who lived at the Salvation Army on Union Street in Brunswick, Georgia. On December 1, 2007, Mitchell went to "The Cut," an area in Brunswick where drugs were often bought and consumed. Mitchell asked Robinson if he had any drugs to sell. Robinson said no, and Mitchell hit him in the head with a brick, injuring his ear. Robinson recruited a small group of people around "The Cut," including Curtis Grant and Ralph Woods, to chase after Mitchell.[2] At some point, Robinson detoured to the home of Beatrice McCray in order to retrieve his gun, which he stored in the closet at McCray's house. When Robinson and his cohorts later caught Mitchell, Robinson, Woods, and Grant took turns hitting, kicking, and stomping on Mitchell's body and head as he was lying on the ground. Woods stabbed Mitchell with a knife, and Robinson pistol-whipped Mitchell before shooting him in the back. Mitchell died from his injuries. Later, Robinson called his

dismissal of his case. On October 13, 2015, the trial court granted Robinson's motion for an out-of-time appeal, Robinson then filed a timely notice of appeal, and his case was thereafter docketed to the April 2016 Term of this Court for a decision on the briefs.

[2] Robinson and Woods were tried jointly.

mother and asked her to take him to the emergency room to have his injured ear examined. Robinson told his mother he shot someone because that person had cut his ear. After the incident, Robinson was also overheard saying, in response to being asked why he had instigated Mitchell's assault, that he "had to teach him a lesson."

This evidence was sufficient to enable the jurors to find Robinson guilty of the crimes for which he was convicted beyond a reasonable doubt. Jackson v. Virginia, 443 U. S. 307 (99 SCt 2781, 61 LE2d 560) (1979). Contrary to Robinson's arguments, the evidence supported a finding that there was "an interval between the provocation [with Mitchell] and the killing sufficient for the voice of reason and humanity to be heard," requiring that "the killing shall be attributed to deliberate revenge and be punished as murder." OCGA § 16–5–2 (a).

2. Robinson contends that he received ineffective assistance of counsel, speculating that trial counsel was unable to locate witnesses who could have helped his defense. Specifically, Robinson contends that, due to the delay in the appointment of his trial counsel, trial counsel was rendered automatically ineffective.

In order to succeed on his claim of ineffective assistance, [Robinson] must prove both that his trial counsel's performance was deficient and that there is a reasonable probability that the trial result would have been different if not for the deficient performance. Strickland v. Washington, 466 U.S. 668 (104 SCt 2052, 80 LE2d 674) (1984). If an appellant fails to meet his or her burden of proving either prong of the Strickland test, the reviewing court does not have to examine the other prong. Id. at 697 (IV); Fuller v. State, 277 Ga. 505 (3) (591 SE2d 782) (2004). In reviewing the trial court's decision, "'[w]e accept the trial court's factual findings and credibility determinations unless clearly erroneous, but we independently apply the legal principles to the facts.' [Cit.]" Robinson v. State, 277 Ga. 75, 76 (586 SE2d 313) (2003).

Wright v. State, 291 Ga. 869, 870 (2) (734 SE2d 876) (2012).

The record shows that, before trial counsel was appointed to the case, Robinson and his co-defendants were all being represented by members of the Circuit Defender's Office. Ultimately, all four members of the Circuit Defender's Office were conflicted out of the representation, and trial counsel was appointed approximately a year after Robinson's arrest. At the motion for new trial hearing, trial counsel speculated that the delay in his appointment might have reduced his ability to track down witnesses who were "transients" in The Cut. Trial counsel also testified that, even if he had been appointed in a timely manner, the transient nature of these witnesses could have made them

4

impossible to find. All of this testimony, however, is merely speculation, and it does not support a claim of ineffective assistance. Robinson ultimately

> did not proffer any uncalled witness to testify at the hearing or otherwise proffer a legally recognized substitute for such testimony. In the absence of such evidence, appellant cannot prevail on the prejudice prong of his ineffective assistance claim, and we need not reach the deficiency prong.

(Citations and punctuation omitted.) Barge v. State, 294 Ga. 567, 569 (2) (755 SE2d 166) (2014).

3. Robinson contends that the trial court erred by failing to remove Juror Schlich due to her potential bias. The record shows that, after jury deliberations began, Juror Schlich saw her husband's name listed as a grand juror on Robinson's 2008 indictment. Juror Schlich immediately notified the trial court by note. Robinson then made a motion to remove Juror Schlich for cause, which the trial court denied. With input from the parties, the trial court did, however, question Juror Schlich about the situation. Juror Schlich stated unequivocally that her husband's prior service would have no bearing on her ability to evaluate the case fairly and impartially. At this point, the trial court asked counsel for both Robinson and his co-defendant, Woods, if they were satisfied, and both counsel responded affirmatively.

This matter has not been preserved for purposes of appeal. Because Robinson acquiesced in the trial court's action by voicing satisfaction with it, Robinson cannot complain about the trial court's ruling. See, e.g., Gardiner v. State, 264 Ga, 329, 332 (3) (444 SE2d 300) (1994) ("Any asserted error with respect to juror [Sclich] is waived by defendants' acquiescence in the curative procedure implemented by the trial court.") Even if preserved, this enumeration would lack merit. The trial court has discretion to replace a juror with an alternate at any time in the trial, whether before or after submission to the jury. OCGA § 15-12-172. When questioned, Juror Schlich clearly stated that her husband's prior duty as a grand juror would have no effect on her deliberations. In this circumstance, the trial court did not abuse its broad discretion by not removing Juror Schlich from the case.

Judgment affirmed. All the Justices concur.