302 Ga. 44
FINAL COPY

S17A0806. REVERE v. THE STATE.

MELTON, Presiding Justice.

Following a jury trial, Jermaine Revere was found guilty of murder and various other offenses in connection with the stabbing death of Angelo Patterson.[1] In his sole enumeration on appeal, Revere contends that he received ineffective assistance of trial counsel. We affirm.

1. Viewed in the light most favorable to the verdict, the record shows that

---

[1] On November 22, 2011, Revere was indicted for malice murder, felony murder predicated on aggravated assault, aggravated assault, theft by taking, and possession of a knife during the commission of a felony. Following a February 28-March 5, 2013 jury trial, Revere was found guilty on all counts. Revere was sentenced to life imprisonment for murder, ten years concurrent for theft by taking, and five consecutive years for possession of a knife during the commission of a felony. Although the trial court purported to merge the felony murder counts into the malice murder count, the felony murder counts were actually vacated by operation of law, Malcolm v. State, 263 Ga. 369 (4) (434 SE2d 479) (1993), and the aggravated assault count was merged into the malice murder count for sentencing purposes. Revere filed a motion for new trial on March 13, 2013, which he amended with new counsel on December 1, 2014 and January 30, 2015. Following a hearing, the motion was denied on May 7, 2015. Revere filed a timely notice of appeal, and his appeal was docketed to the April 2017 term of this Court and submitted for decision on the briefs.

Patterson ran a nonprofit organization that provided assistance to released felons who were attempting to reintegrate into society. Revere was one of the released felons to whom Patterson was serving as a mentor. On August 16, 2011, Patterson picked up Revere from an Atlanta MARTA station and took Revere back to his home, where Revere stabbed him in the throat and the back, killing him. Revere stole Patterson's wallet, and he left the scene in Patterson's car. When he was called to meet with his probation officer about a week later, Revere drove to the appointment in Patterson's car, but he parked the car away from the building and hid the keys to the car so that his probation officer would not find them on him at the meeting.

At trial, Revere testified that he had stabbed Patterson by accident while acting in self-defense. Specifically, Revere claimed that, while he was lying down on a sofa in Patterson's home, Patterson made an unwanted sexual advance upon him. According to Revere, he then jumped up from the sofa to confront Patterson about his actions, and Patterson began backing away from Revere to reach for something that Revere suspected was a knife. However, before Patterson could grab anything, Revere claims that he charged at Patterson, pushed him out of the way, grabbed the knife himself, and stabbed

2

Patterson in the neck by accident while making a gesture to get Patterson away from him. Revere then claimed that he dropped the knife on top of Patterson after Patterson fell to the ground, which caused the stab wound to Patterson's back. The State's medical examiner testified that, although Patterson had no defensive wounds on his hands to indicate that he had been trying to defend himself from Revere's attack when he was stabbed in the neck, the large neck injury had components of both a deep stab wound and a cutting wound, indicating that Patterson was trying to turn away while he was being stabbed. The medical examiner also testified that it would not be possible for a knife to be dropped onto Patterson's body from a height of six feet or less to create the type of cutting wound inflicted on his back, as such a wound would have had to have occurred while "the weapon was held and driven with strength by an individual wielding the weapon."

The jury was authorized to reject Revere's contentions that the stabbing took place by accident or while he was acting in self-defense and find that Revere was guilty of the crimes for which he was convicted beyond a reasonable doubt. Jackson v. Virginia, 443 U. S. 307 (99 SCt 2781, 61 LE2d 560) (1979); Roper v. State, 281 Ga. 878 (1) (644 SE2d 120) (2007) (witness credibility is

for jury to decide, as is the question of justification; therefore, jury is free to reject claim that defendant acted in self-defense).

2. Revere contends that his trial counsel was ineffective for failing to (a) object or request a mistrial after three of the State's witnesses improperly placed Patterson's character in issue, and (b) introduce evidence of Patterson's prior felony convictions to rebut or impeach the State's improper character evidence. We disagree.

> In order to succeed on his claim of ineffective assistance, [Revere] must prove both that his trial counsel's performance was deficient and that there is a reasonable probability that the trial result would have been different if not for the deficient performance. Strickland v. Washington, 466 U. S. 668 (104 SC[t] 2052, 80 LE2d 674) (1984). If an appellant fails to meet his or her burden of proving either prong of the Strickland test, the reviewing court does not have to examine the other prong. Id. at 697 (IV); Fuller v. State, 277 Ga. 505 (3) (591 SE2d 782) (2004). In reviewing the trial court's decision, "'[w]e accept the trial court's factual findings and credibility determinations unless clearly erroneous, but we independently apply the legal principles to the facts.' [Cit.]" Robinson v. State, 277 Ga. 75, 76 (586 SE2d 313) (2003).

Wright v. State, 291 Ga. 869, 870 (2) (734 SE2d 876) (2012).

(a) Three witnesses with whom Patterson had lived and to whom, like Revere, he had served as a mentor, testified at trial. These State's witnesses were Sanchez Griffin, Shannon Williams (Griffin's brother), and Brittani Ledford.

4

Revere contends that these witnesses improperly placed Patterson's good character in issue and that trial counsel should have objected or moved for a mistrial in response to the testimony from these witnesses when (1) Griffin was asked why he chose Patterson as a mentor and he testified that it was because Patterson was a "good dude"; (2) Williams testified that Patterson was "like a father to [him]" and that he did not know where he would have gone if it had not been for Patterson taking him in; and (3) in response to questions about whether Patterson had ever made inappropriate sexual advances on her or any of his mentees, Ledford testified that Patterson had not, and that she knew "that he wouldn't have[,] [because] [t]hat's not his character." For the reasons that follow, we agree with Revere that counsel should have objected to these inadmissible statements and that he performed deficiently by failing to do so. However, we do not find that there is a reasonable probability that the outcome of the trial would have been different if not for counsel's deficient performance.

The admissibility of the aforementioned testimony is controlled by OCGA § 24-4-404 (a) (2) (Rule 404 (a) (2)) and § 24-4-405 (a) (Rule 405 (a)) of

Georgia's new Evidence Code.[2] Pursuant to Rule 404 (a) (2):

> Evidence of a person's character or a trait of character shall not be admissible for the purpose of proving action in conformity therewith on a particular occasion, except for . . . [s]ubject to the limitations imposed by Code Section 24-4-412 [dealing with a witness's past sexual history], evidence of a pertinent trait of character of the alleged victim of the crime offered by an accused or by the prosecution to rebut the same; or evidence of a character trait of peacefulness of the alleged victim offered by the prosecution in a homicide case to rebut evidence that the alleged victim was the first aggressor[.]

And, under Rule 405 (a):

> In all proceedings in which evidence of character or a trait of character of a person is admissible, proof shall be made by testimony as to reputation or by testimony in the form of an opinion.

Consistent with Federal Rule of Evidence 404 (a) (2), the Rule upon which Georgia's Rule 404 (a) (2) is based, the State may only introduce evidence of a victim's good character to *rebut* evidence of a pertinent character trait of the victim after the defendant has first introduced such evidence at trial. Federal Rule 404 (a) (2) states in relevant part:

> Evidence of a person's character or character trait is not admissible

---

[2] Because Revere's trial took place after January 1, 2013, Georgia's new Evidence Code is applicable here.

to prove that on a particular occasion the person acted in accordance with the character or trait. [However,] [t]he following exceptions apply in a criminal case . . . . [S]ubject to the limitations in Rule 412 [dealing with a witness's past sexual history], *a defendant may offer evidence of an alleged victim's pertinent trait, and if the evidence is admitted, the prosecutor may . . . offer evidence to rebut it. . . .* [I]n a homicide case, the prosecutor may offer evidence of the alleged victim's trait of peacefulness *to rebut evidence* that the victim was the first aggressor.

(Emphasis supplied.) Id. at (a) (1), (2) (B) (i) and (C).[3] See also Estep v. Ballard, 2011 U. S. Dist. LEXIS 28970 (II) (B) (2) (c) (1) (S.D. W. Va. Mar. 21, 2011) (With respect to West Virginia's similarly worded Rule 404 (a) (2), "Rule 404 (a) (2) allows the prosecution to introduce evidence of the victim's character *only* upon introduction by the defendant of evidence for a relevant character trait") (emphasis supplied); Rule 404 (a) (2) ("Evidence of a person's character

---

[3] We note that, while the language in Federal Rule 404 (a) (2) differs slightly from that of Georgia's Rule 404 (a) (2), the differences between the two Rules are not substantive. Through the adoption of the new Evidence Code, it was "the intent of the General Assembly . . . to adopt the Federal Rules of Evidence, as interpreted by the Supreme Court of the United States and the United States circuit courts of appeal as of January 1, 2013, to the extent that such interpretation is consistent with the Constitution of Georgia." (Citation and punctuation omitted.) Parker v. State, 296 Ga. 586, 592 (3) (a) (769 SE2d 329) (2015). Only "[w]here a provision of the new Evidence Code *differs in substance* from the counterpart federal rule, as interpreted by federal courts, . . . must [we] correspondingly presume that the General Assembly meant the Georgia provision to be different." (Footnote omitted; emphasis supplied.) Id.

7

or a trait of character shall not be admissible for the purpose of proving action in conformity therewith on a particular occasion, except for . . . evidence of a pertinent trait of character of the alleged victim of the crime offered by an accused or by the prosecution *to rebut the same*; or evidence of a character trait of peacefulness of the alleged victim offered by the prosecution in a homicide case *to rebut evidence* that the alleged victim was the first aggressor") (emphasis supplied).

Here, the testimony mentioned above was introduced during the State's case-in-chief before Revere offered any testimony or evidence of his own regarding Patterson's character or alleged actions as the first aggressor. In this regard, the testimony was not introduced in conformity with the mandate of Rule 404 (a) (2) requiring that a *defendant* first introduce evidence of a pertinent character trait of the victim or evidence that the victim was the first aggressor before the State may introduce evidence to rebut that which was presented by the defendant. Therefore, the testimony presented by the State here was simply inadmissible evidence of Patterson's good character. Rule 404 (a) (2). Accordingly, Revere's counsel could have objected to its admission. See, e.g., Estep, supra, 2011 U. S. Dist. LEXIS 28970 at (II) (B) (2) (c) (1) (counsel

8

performed deficiently by failing to object to good character evidence showing that the victim was, among other good things, "like a . . . father" to the State's witness and was also "humble. . . hardworking . . . [of a] strong moral fiber . . . generous . . . [and] always helping everybody"). We will assume that counsel performed deficiently by failing to raise a meritorious objection to the testimony of the three witnesses in this case.

However, counsel's failure to object to the aforementioned evidence was not prejudicial. The burden of showing a reasonable probability that the outcome would have been different but for counsel's deficient performance, "though not impossible to carry, is a heavy one." Arnold v. State, 292 Ga. 268, 270 (2) (737 SE2d 98) (2013), citing Kimmelman v. Morrison, 477 U. S. 365, 382 (II) (C) (106 SCt 2574, 91 LE2d 305) (1986). At trial, Revere admitted to stabbing Patterson, and the medical testimony indicated the stabbing was done purposefully and with force; that Patterson was turning away when he was stabbed and cut in the neck; and that the stab wound to Patterson's back could not have occurred based on a knife being dropped. By contrast, Revere testified that he grabbed the knife in self-defense while Patterson was backing away from him, but then accidentally inflicted the cutting and stabbing wounds to

Patterson's neck by swiping at him in an effort to get Patterson further away from him. He then claimed that he accidentally dropped the knife onto Patterson's back after Patterson fell to the ground, thereby stabbing him a second time. Considering the totality of the evidence, we find no reasonable probability that, had trial counsel objected to the testimony regarding Patterson's good character, the outcome in Revere's case would have been different. See Strickland, supra, 466 U. S. at 695 ("In making [the prejudice] determination, a court hearing an ineffectiveness claim must consider the totality of the evidence before the judge or jury"). See also, e.g., Estep, supra at (II) (B) (2) (c) (2).

(b) Revere also contends that his trial counsel was ineffective for failing to introduce evidence of Patterson's alleged prior crimes from Texas relating to sexual offenses to rebut the good character evidence presented by the State's witnesses. However, to the extent that Revere

> bases his contention on Chandler v. State, 261 Ga. 402, 407 (3) (c) (405 SE2d 669) (1991), in which this Court created an evidentiary exception "permit[ting] a defendant claiming justification to introduce evidence of specific acts of violence by the victim against third persons[,]" [his claim must fail]. Chandler . . . was decided under Georgia's old Evidence Code, and, it related specifically to the application of that old code. The present case, because it was

10

tried on or after January 1, 2013, is subject to the new Evidence Code, under which the admissibility of evidence of a victim's character is governed by OCGA §§ 24-4-404 and 24-4-405. . . . [T]he evidentiary rule set forth in Chandler does not remain viable under the new Evidence Code, and [Revere's] argument based on this outdated precedent fails.

Mohamud v. State, 297 Ga. 532, 535-536 (3) (773 SE2d 755) (2015). See also Lupoe v. State, 284 Ga. 576, 580 (3) (f) (669 SE2d 133) (2008) (failure to file meritless motion "cannot amount to ineffective assistance") (citation omitted). To the extent that Revere bases his argument on the provisions of the new Evidence Code in particular or on the theory that the State "opened the door" to evidence of Patterson's prior crimes in general, Revere also cannot succeed on such claims here. Even if any of Patterson's alleged prior crimes involved specific acts of violence, Revere never introduced into evidence at the motion for new trial hearing any of Patterson's alleged prior convictions. Without introducing certified copies of the prior convictions or other acceptable evidence to show Patterson's alleged prior acts of specific violence, Revere cannot support his claim that his counsel could have been ineffective for failing to attempt to introduce such evidence at trial. Ballard v. State, 297 Ga. 248 (6) (f) (773 SE2d 254) (2015).

Judgment affirmed. All the Justices concur.

Decided September 13, 2017.

Murder. Fulton Superior Court. Before Judge Adams.

<u>L. Davis Madden</u>, for appellant.

<u>Paul L. Howard, Jr., District Attorney, Lyndsey H. Rudder, Paige Reese Whitaker, Joshua D. Morrison, Assistant District Attorneys; Christopher M. Carr, Attorney General, Patricia B. Attaway Burton, Deputy Attorney General, Paula K. Smith, Senior Assistant Attorney General, Elizabeth M. Haase, Assistant Attorney General</u>, for appellee.