304 Ga. 333
FINAL COPY

S18A0636. STALLWORTH v. THE STATE.

MELTON, Presiding Justice.

Following a jury trial, Michael Stallworth appeals his convictions for malice murder and possession of a firearm during the commission of a felony,[1] contending, among other things, that the evidence was insufficient to support the verdict and that he received ineffective assistance of counsel. For the reasons set forth below, we affirm.

1. Viewed in the light most favorable to the verdict, the record shows that,

---

[1] On June 3, 2011, Stallworth was indicted for malice murder, two counts of felony murder, aggravated assault, aggravated assault with a deadly weapon, and possession of a firearm during the commission of a felony. Following a jury trial ending on January 31, 2012, Stallworth was found guilty of all counts, and he was sentenced to life imprisonment for malice murder with five consecutive years for possession of a firearm. Although the trial court purported to merge the two felony murder counts into the malice murder count, they were actually vacated by operation of law. Malcolm v. State, 263 Ga. 369 (4) (434 SE2d 479) (1993). The remaining counts were merged for purposes of sentencing. On March 1, 2012, Stallworth filed a motion for new trial, which he amended on December 4, 2015. Following a hearing, the trial court denied this motion on February 25, 2016. Stallworth timely filed a notice of appeal, and his case, submitted on the briefs, was docketed to the April 2018 term of this Court.

at approximately 9:00 p.m. on March 2, 2011, Keith Jacobs arrived at his home in Fulton County. Jacobs stepped out onto the front porch with his fiancée, Cassandra Horns, and his brother, Michael Walker. Renita Collins walked up to the curb and started yelling at Jacobs about his dog, threatening to shoot the dog the next time it barked at her. An argument between Jacobs and Collins ensued. Collins then said she would be back, and she walked to her house, which was several doors down from Jacobs's house. Shortly thereafter, Collins returned to Jacobs's house, accompanied by Michael Stallworth, who began to argue with Jacobs. At some point, Stallworth and Collins opened fire on Jacobs, fatally shooting him in the back of the head. Stallworth and Collins then fled the scene.

Multiple eyewitnesses, including Horns, Walker, and Jacobs's mother, testified that Collins returned to her home briefly before the shooting, went back to Jacobs's residence with Stallworth, continued arguing with Jacobs, and then multiple gunshots were fired, leading to Jacobs's death. Collins was seen with a gun immediately before the shooting, and Stallworth was seen with a gun immediately after the shooting. Stallworth was identified in two photographic lineups by separate witnesses, and Collins was identified in one lineup.

This evidence was sufficient to enable the jury to find Stallworth guilty

2

of the crimes for which he was convicted beyond a reasonable doubt. <u>Jackson v. Virginia</u>, 443 U. S. 307 (99 SCt 2781, 61 LE2d 560) (1979); OCGA § 16-2-20 (defining parties to a crime).

2. Stallworth contends that trial counsel rendered ineffective assistance by failing to (a) object to good character evidence about Jacobs; (b) object to unspecified photographic lineups; (c) object to testimony regarding the cleaning of a driveway in the aftermath of the shooting; and (d) conduct a sufficient inquiry to determine if the jurors had considered inappropriate evidence in reaching their verdict.

> In order to succeed on his claim of ineffective assistance, [Stallworth] must prove both that his trial counsel's performance was deficient and that there is a reasonable probability that the trial result would have been different if not for the deficient performance. <u>Strickland v. Washington</u>, 466 U. S. 668 (104 SC[t] 2052, 80 LE2d 674) (1984). If an appellant fails to meet his or her burden of proving either prong of the <u>Strickland</u> test, the reviewing court does not have to examine the other prong. Id. at 697 (IV); <u>Fuller v. State</u>, 277 Ga. 505 (3) (591 SE2d 782) (2004). In reviewing the trial court's decision, "'[w]e accept the trial court's factual findings and credibility determinations unless clearly erroneous, but we independently apply the legal principles to the facts.' [Cit.]" <u>Robinson v. State</u>, 277 Ga. 75, 76 (586 SE2d 313) (2003).

<u>Wright v. State</u>, 291 Ga. 869, 870 (2) (734 SE2d 876) (2012). Furthermore,

"[t]rial tactics and strategy . . . are almost never adequate grounds for finding trial counsel ineffective unless they are so patently unreasonable that no competent attorney would have chosen them." (Citation and punctuation omitted.) McNair v. State, 296 Ga. 181, 184 (2) (b) (766 SE2d 45) (2014).

(a) Stallworth contends that trial counsel rendered ineffective assistance by failing to object to the introduction of purported good character evidence about Jacobs. Specifically, Stallworth contends that trial counsel did not object to testimony regarding Jacobs's "peaceful nature in his community."[2] We disagree.

The record shows that Stacie Lanier, a neighbor of the victim, was asked about her relationship with the victim and his dog. She testified that she had never had any problems with Jacobs or his dog. Lanier was also asked on direct whether she had observed anyone else in the neighborhood having problems with Jacobs or with his dog. She testified in the negative to both questions. Lanier was neither asked about nor testified regarding Jacobs's peaceful nature

---

[2] At the time of Stallworth's trial, former OCGA § 24-2-2 provided: "The general character of the parties and especially their conduct in other transactions are irrelevant matter unless the nature of the action involves such character and renders necessary or proper the investigation of such conduct."

in the community. Lanier did not testify regarding her knowledge of Jacobs's character. To the contrary, she simply testified that she had not witnessed any "problems" with Jacobs or his dog. Therefore, Stallworth's contention fails. Moreover, even if this testimony were objectionable, Stallworth has not shown prejudice under the facts of this case. Three different eyewitnesses placed him at the scene of the murder, where he was accompanying Collins and violently arguing with the victim prior to the shooting. There is not a reasonable probability that the trial result would have been different in the absence of Lanier's testimony. See, e.g., Revere v. State, 302 Ga. 44 (2) (a) (805 SE2d 69) (2017).

(b) Stallworth contends that trial counsel rendered ineffective assistance by failing to object to photographic lineups used to identify him. Stallworth, however, does not indicate in his brief which photographic lineup or lineups he wishes to challenge. Likewise, he gives no argument at all regarding the reason or reasons why any of the lineups could be objectionable. He merely states that they should have been excluded. "It is not this Court's job to cull the record on behalf of [Stallworth] to find alleged errors." Maxwell v. State, 290 Ga. 574, 575 (2) (722 SE2d 763) (2012). Stallworth, therefore, has not satisfied his

burden to prove either deficient performance or prejudice in this regard.

(c) Stallworth contends that trial counsel rendered ineffective assistance by failing to object to testimony that the victim's blood had to be cleaned off the driveway of his mother's home following the shooting. The record shows that, when asked what she did in the aftermath of the shooting, the victim's mother testified that she had to get one of her surviving sons to clean the blood and bone fragments off her driveway. Trial counsel did not object to this testimony. However, by that time in the proceedings, the jury had already heard testimony that Jacobs had been killed in the driveway. In addition, the jury had seen photographs of the crime scene. The facts that the victim's body would have to be removed and the driveway would have to be cleaned were already evident to the jury at the time that the testimony forming the basis of Stallworth's argument was admitted. Even if we assume that the testimony in question was objectionable, Stallworth has not shown prejudice stemming from his trial counsel's decision not to object. Given the other evidence of Stallworth's guilt, there is not a reasonable probability that the trial result would have been different had the objection been made. See Revere, supra.

(d) Stallworth contends that trial counsel rendered ineffective assistance

by failing to sufficiently inquire about the nature and content of the jurors' deliberations, following a conversation between trial counsel and some of the jurors after the trial concluded. We disagree.

The record shows that, after the trial concluded, the attorneys who participated in the trial had an informal discussion about the proceedings with the jurors. Apparently, the attorneys were interested in the jury's reaction to their performances. During these discussions, four or five of the jurors, who had splintered into their own separate discussion group, asked Stallworth's trial counsel why Stallworth chose not to testify. Trial counsel simply responded that Stallworth had a right not to testify and then ended the conversation. Trial counsel later testified that it made her concerned that the jury had improperly considered Stallworth's decision not to testify as indicative of his guilt; however, trial counsel's suspicion was never supported by any specific statement or act by a juror.

Stallworth now contends that, based on the exchange between trial counsel and the jurors, trial counsel should have inquired further to determine if the jurors rendered a verdict based on "nullification or the consideration of inappropriate material." Pretermitting the question of deficient performance,

7

Stallworth has not shown prejudice from trial counsel's failure to inquire further.[3] All Stallworth offers is speculation that some jurors possibly could have considered Stallworth's decision not to testify in his or her deliberations. "[S]peculation . . . does not support a claim of ineffective assistance." Robinson v. State, 299 Ga. 648, 650 (2) (791 SE2d 13) (2016).

3. Stallworth argues that the trial court erred by denying his request to charge the jury regarding impeachment by use of character evidence. Again, we disagree.

The record shows that the State called Larry Baisden, Jacobs's neighbor, as a witness during its case-in-chief. Baisden testified regarding what he witnessed in the aftermath of Jacobs's murder. During direct examination, the State preemptively elicited that, in 2001, Baisden was involved in an unrelated murder. Specifically, Baisden admitted that, after being forced at gunpoint to do so, he assisted in disposing of the body of a murder victim in an empty plot of land. Baisden was called to the scene of this unrelated murder under the guise

---

[3] We note that the trial court conducted a separate hearing regarding this issue and made a finding that there was no evidence that the jurors considered extraneous information during deliberations.

8

that he would be picking up and disposing of an old rug.

Subsequently, the State called Detective Quinn as a witness, since Detective Quinn had conducted the interview in which Baisden discussed his involvement in the prior murder. On cross-examination, Stallworth attempted to show that Baisden lied about his involvement in the prior murder at the beginning of his interview with Detective Quinn. Detective Quinn stated that, although Baisden withheld some facts at the beginning of the interview, he eventually confessed to everything. Based on this testimony that he elicited from Detective Quinn about Baisden, Stallworth argued at the charge conference that the jury be instructed on impeachment by use of character evidence. This instruction, however, would not have been adjusted to the evidence.[4]

"Among other requirements, a jury instruction must be adjusted to the evidence and embody a correct, applicable, and complete statement of law."

---

[4] We note that, in his written requests to charge, Stallworth requested that the jury be charged on former OCGA § 24-9-84 (3), which stated: "In a criminal case, the character for untruthfulness of the defendant may be introduced in evidence only if the defendant testifies and offers evidence of his or her truthful character[.]" This charge was certainly not adjusted to the evidence, as Stallworth did not testify. At the charge conference, Stallworth's request to charge on impeachment by bad character evidence was directed at Detective Quinn's testimony about Baisden.

9

(Citations and punctuation omitted.) <u>Roper v. State</u>, 281 Ga. 878, 880 (2) (644 SE2d 120) (2007). Former OCGA § 24-9-84 provided, in relevant part:

> Any party may impeach the credibility of a witness by offering evidence of the witness's bad character in the form of reputation, but subject to the following limitations: . . . (4) The character witness should first be questioned as to his or her knowledge of the general character of the witness, next as to what that character is, and lastly the character witness may be asked if from that character he or she would believe him or her on his or her oath. The witness may be sustained by similar proof of character. The particular transactions or the opinions of single individuals shall not be inquired of on either side, except upon cross-examination in seeking for the extent and foundation of the witness's knowledge.

In this case, Detective Quinn was neither asked about nor did he testify about his knowledge of Baisden's general character, what that character was, or whether he would believe Baisden under oath. Instead, Detective Quinn was being asked about the inconsistencies in Baisden's story during his interview.[5] Furthermore, Detective Quinn testified that Baisden confessed to him immediately upon being presented with a direct question of his involvement with disposing of the body in the prior murder. So, the record shows that

---

[5] We note that the jury was given an instruction on impeachment of a witness by proof of contradictory statements previously made by the witness.

10

Baisden was not impeached by bad character, and the trial court properly declined to instruct the jury on this topic. <u>Roper</u>, supra.

<u>Judgment affirmed. Hines, C. J., Benham, Hunstein, Nahmias, Blackwell, Boggs, and Peterson, JJ., concur</u>.

Decided August 27, 2018.

Murder. Fulton Superior Court. Before Judge Glanville.

Brandon Lewis, for appellant.

Paul L. Howard, Jr., District Attorney, Lyndsey H. Rudder, Michael V. Snow, Burke O. Doherty, Assistant District Attorneys; Christopher M. Carr, Attorney General, Patricia B. Attaway Burton, Deputy Attorney General, Paula K. Smith, Senior Assistant Attorney General, Matthew M. Youn, Assistant Attorney General, for appellee.